1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV18-4315-DSF (JPRx) |
| Plaintiff, | **PRELIMINARY INJUNCTION AND ORDERS (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OR ALTERATION OF DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; (4) REQUIRING ACCOUNTINGS; AND (5) APPOINTING A PERMANENT RECEIVER** |
| vs. | |
| TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES, INC.; EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC. aka EHI-INSM, INC.; and MICHAEL ALAN STOLLERY aka MICHAEL STOLLAIRE, | |
| Defendants. | |

This matter is before the Court on the Consent of Defendants Titanium Blockchain Infrastructure Services, Inc. ("TBIS"), EHI Internetwork and Systems Management, Inc. aka EHI-INSM, Inc. ("EHI"), and Michael Alan Stollery aka Michael Stollaire ("Stollaire") (collectively, "Defendants") to the Entry of a Preliminary Injunction and Orders (1) Freezing Assets; (2) Prohibiting the Destruction or Alteration of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; and (5) Appointing a Permanent Receiver.

The Court, having previously entered a Temporary Restraining Order and Orders (1) Freezing Assets; (2) Prohibiting the Destruction or Alteration of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; and (5) Appointing a Temporary Receiver; and Order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver on May 23, 2018 ("TRO"), and having considered the SEC's Complaint, Application for a Temporary Restraining Order, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, as well as the Defendants' Consents, finds that:

A.     This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.     The Defendants have consented to the entry of a preliminary injunction on the terms below.

**I.**

Good cause exists for the entry of a preliminary injunction, appointment of a permanent receiver, and the related orders herein.

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants TBIS, EHI, and Stollaire are preliminarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants TBIS, EHI, and Stollaire are preliminarily restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants TBIS and Stollaire are preliminarily restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) defendants TBIS's and Stollaire's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant TBIS or Stollaire or with anyone described in (a).

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants TBIS, EHI, and Stollaire be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, securities, claims or other real or personal property, including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets, wherever located, of any of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by, or in the possession or custody of any of them, and from transferring, encumbering, dissipating, or incurring charges or cash advances on any debit or credit card or the credit arrangement of any of the Defendants, or their subsidiaries and affiliates.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the asset freeze previously ordered by the TRO shall remain in place on all monies and assets, including all digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, and digital

funds or assets, wherever located (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution, brokerage firm, third-payment payment processor, coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital funds or assets held in the name of, for the benefit of, or over which account authority is held by defendants TBIS, EHI, and/or Stollaire, including but not limited to the accounts listed below:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| COINBASE | MICHAEL STOLLERY AKA MICHAEL ALAN STOLLAIRE | 0x98935ab01caA7a162892FdF9c6423de24b078a4c [Wallet Address] |
| COINBASE | TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES INC. | 0x1818409Ff612A6d574ca979904396bB4B8EA6d51 [Wallet Address] |
| JP MORGAN CHASE | TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES INC. | ████2796 ████2722 ████1125 ███0755 ███7471 |
| JP MORGAN CHASE | EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC. | ███3680 ███3531 ████5136 ███0172 ████1001 █████9994 |
| JP MORGAN CHASE | MICHAEL STOLLERY AKA MICHAEL ALAN STOLLAIRE | ██████████6740 |
| PayPal | TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES INC. | █████████9120 █████████0070 █████████3031 █████████4114 |
| PayPal | EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC. | █████████7714 |
| VENMO | MICHAEL STOLLAIRE | ███7949 |

5

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| VENMO | TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES INC. | ▓▓4336 |
| U.S. BANK | TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES INC. | ▓▓▓6688 |
| WELLS FARGO BANK | MICHAEL STOLLERY AND/OR OXANA STOLLERY | 0492<br>6636<br>1463<br>5399<br>5141<br>1998 |

Any bank, financial institution, brokerage firm, third-party payment processor, or coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, or such monies or assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of defendants TBIS, EHI, and Stollaire be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, data objects existing in any state, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to defendants TBIS, EHI, or Stollaire.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## VIII.

IT IS FURTHER ORDERED that the obligations of defendants TBIS, EHI, and Stollaire each to prepare and deliver to the SEC a detailed and complete schedule of all of their assets shall remain in effect.  The accountings shall include all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address, and account number, and all digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital funds or assets, wherever located.  The accountings shall include a description of the sources of all such assets.  Such accountings shall be filed with the Court and copies shall be delivered to the SEC to the attention of David J. Van Havermaat, Trial Counsel no later than May 29, 2018. After completion of the accountings, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## IX.

IT IS FURTHER ORDERED that any person who receives actual notice of this Preliminary Injunction by personal service or otherwise, and who holds, possesses, or controls assets exceeding $5,000 for the account or benefit of any of the Defendants, including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets, wherever located, including any such assets held in any safe deposit box, shall within 5 days of receiving actual notice of this Preliminary Injunction provide counsel for

the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## X.

IT IS FURTHER ORDERED that the SEC may continue to conduct expedited discovery concerning Defendants, their assets and activities, as previously granted in the TRO, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, and that discovery shall proceed as follows:

(A)    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on five days' notice of any such deposition.  Depositions may be taken Monday through Friday.  As to the Defendants, and their agents, servants, promoters, employees, brokers, and associates, and any person who transferred money to or received money from any account(s) at any of the bank, financial institution, brokerage firm, third-payment payment processor, or coin exchange identified above, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, digital tokens, or cryptocurrencies identified above, the SEC may depose such witnesses after serving a deposition notice by facsimile, hand, or overnight courier upon such individuals, and without serving a subpoena on such witness.

(B)    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each Defendant shall answer the SEC's interrogatories within fourteen days of service of such interrogatories upon Defendant.

(C)    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each Defendant shall produce all documents requested by the SEC within fourteen days of service of such request, with production of the documents made to David J. Van Havermaat, U.S. Securities and Exchange Commission, Los Angeles Regional Office, 444 S. Flower St., Suite 900, Los Angeles, California 90071, or such person

or place as counsel for the SEC may direct in writing.

     (D)    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each Defendant shall respond to the SEC's requests for admissions within fourteen days of such requests;

     (E)    All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the SEC to the attention of David J. Van Havermaat, U.S. Securities and Exchange Commission, Los Angeles Regional Office, 444 S. Flower St., Suite 900, Los Angeles, California 90071, or such other place and person as counsel for the SEC may direct in writing; and

     (G)    All discovery requests and responses may be served via email, facsimile, or by hand on counsel for the parties.

## XI.

     IT IS FURTHER ORDERED that Josias N. Dewey is appointed as permanent receiver of defendant TBIS and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of defendant TBIS and its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

     A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets (including any digital assets, digital currencies, virtual currencies, digital tokens of any kind, cryptocurrencies, digital wallets, or private keys associated with any of the foregoing, whether encrypted or not, or other tangible, intangible, or digital assets, wherever located), collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses

9

in action, books, records, papers, and other real or personal property, wherever located, of or managed by defendants TBIS and its subsidiaries and affiliates (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

B.      to assume full control of defendant TBIS by removing, as the receiver deems necessary or advisable, any director, officer, attorney, independent contractor, employee, or agent of any of defendant TBIS and its subsidiaries and affiliates, including any named defendant, from control of, management of, or participation in, the affairs of defendant TBIS;

C.      to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution, brokerage firm (including any futures commission merchant), or coin exchange, which has possession, custody or control of any Assets, or which maintains accounts over which defendant TBIS, and its subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

D.      to conduct such investigation and discovery as may be necessary to locate and account for all of the assets (including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets, wherever located) of or managed by defendant TBIS and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

E.      to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of

10

any Assets;

F.     to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Preliminary Injunction, including but not limited to, the law firm in which the receiver is a partner;

G.     to make accountings, as soon as practicable, to this Court and the SEC of the assets and financial conditions of defendant TBIS and to file the accountings with the Court and deliver copies thereof to all parties;

H.     to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as permanent receiver;

I.     to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past employees or agents of defendant TBIS, and its subsidiaries and affiliates;

J.     to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, that (i) the receiver deems necessary and advisable to preserve or recover any Assets, or (ii) the receiver deems necessary and advisable to carry out the receiver's mandate under this Preliminary Injunction; and

K.     to have access to and monitor all mail, electronic mail, SMS, text, or other messaging applications, and video phones of the entities in receivership in order to review such mail, electronic mail, SMS, text, or other messaging applications, and video phones which he deems relates

11

to his business and the discharging of his duties as permanent receiver.

## XII.

IT IS FURTHER ORDERED that defendant TBIS and its subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets (including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or any private keys associated with any of the foregoing, whether encrypted or not, or other tangible, intangible, or digital assets of any of the Defendants, wherever located), collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## XIII.

IT IS FURTHER ORDERED that any person who receives actual notice of this Preliminary Injunction by personal service or otherwise who holds, possesses, or controls any account passwords, computer passwords, device PINs or passwords, or cryptographic keys, including any such passwords or cryptographic keys held in any manner in any safe deposit box or pursuant to any other bailee relationship, pertaining in any manner to any assets of any of the Defendants (including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets of any of the Defendants, wherever located), shall within 5 days of receiving actual notice of this Order provide counsel for the SEC and the permanent receiver with continuing access to all such account passwords, computer passwords, device PINs or passwords, and cryptographic keys, which, if stored in an encrypted state, shall be provided in an unencrypted state.

## XIV.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of defendant TBIS shall take any action or purport to take any action, in the

12

name of or on behalf of defendant TBIS without the written consent of the permanent receiver or order of this Court.

## XV.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from defendant TBIS, or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of defendant TBIS; and

C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of defendant TBIS, or in any way to interfere with or harass the permanent receiver or his attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XVI.

IT IS FURTHER ORDERED that defendant TBIS and its subsidiaries,

affiliates, officers, agents, servants, employees, and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XVII.

IT IS FURTHER ORDERED that defendant TBIS, and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties described in this Preliminary Injunction, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations.  The permanent receiver's fees, including all fees and costs for the permanent receiver and all others retained to assist in the administration and liquidation of the receivership estate, shall not exceed $125,000 during the initial 30 days of the receivership.  Further fee limitations, if any, will be set by the Court.  All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XVIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver.  Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent

receiver in connection with the discharge of his duties and responsibilities.

**XIX.**

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of defendant TBIS, and the other entities in receivership, and continuing access to inspect their funds, property, assets, and collateral, wherever located.

**XX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees that may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated:  5/30/18

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE