HOLLAND & KNIGHT LLP
Vince Farhat (SBN 183794)
vince.farhat@hklaw.com
Kristina S. Azlin (SBN 235238)
kristina.azlin@hklaw.com
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone 213.896.2400
Facsimile  213.896.2450

*Attorneys for Josias Dewey, Court-appointed Receiver for Receivership Entities*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION, | Case No. 18-4315 DSF (JPRx) |
|---|---|
| Plaintiff, | **RECEIVER'S NOTICE OF RETENTION OF HOLLAND & KNIGHT LLP AS LEGAL COUNSEL; [*PROPOSED*] ORDER APPROVING OF SAME** |
| vs. | |
| TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES, INC.; EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC. aka EHI-INSM, INC.; and MICHAEL ALAN STOLLERY aka MICHAEL STOLLAIRE, | |
| Defendants. | |

#57810737_v3

## NOTICE AND REQUEST FOR ORDER
## RECOGNIZING AND APPROVING OF RETENTION OF LEGAL COUNSEL

Josias Dewey, as Court-appointed Receiver (the "Receiver") for the estates of Defendant Titanium Blockchain Infrastructure Services, Inc. and its subsidiaries and/or affiliates (collectively the "Receivership Entities"), respectfully notifies the Parties and the Court and requests an order from the Court recognizing and approving of the retention of his firm, Holland & Knight LLP, to serve as the Receiver's legal counsel in this matter. In support of this Notice and Request For Order, the Receiver states the following:

1. On May 22, 2018, the United States Securities and Exchange Commission ("SEC") filed under seal a complaint against Titanium Blockchain Infrastructure Services, Inc. ("TBIS"), EHI Internetwork and Systems Management, Inc. a/k/a EHI-INSM, Inc. ("EHI"), and Michael Alan Stollery, a/k/a Michael Stoller, a/k/a Michael Stollaire ("Stollaire" with TBIS and EHI collectively the "Defendants") alleging that: (i) Defendants have engaged in, are engaging in, are about to engage in, and unless restrained and enjoined will continue to engage in in transactions, acts, practices, and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and (ii) TBIS and Stollaire have engaged in, are engaging in, are about to engage in, and unless restrained and enjoined will continue to engage in transactions, acts, practices, and courses of business that constitute violations of Section 5 of the Securities Act, 15 U.S.C. §§ 77e.

2. On May 23, 2018, the Court entered an order temporarily freezing all Receivership Entities' assets and appointing the Receiver (the "TRO"). D.E. No. 2. The TRO authorized the Receiver, among other things: "to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order, including but not limited to, the law firm in which the receiver is a partner." TRO at Section XI(F).

#57810737_v3

3. On May 30, 2018, the Court entered a Preliminary Injunction and Order (1) Freezing Assets; (2) Prohibiting the Destruction or Alteration of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; and (5) Appointing Mr. Dewey as the Permanent Receiver. D.E. No. 48 (the Preliminary Injunction ("PI") Order). Like the TRO, the PI authorizes the Receiver, among other things: "to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Preliminary Injunction, including but not limited to, the law firm in which the receiver is a partner." PI at Section XI(F).

4. Pursuant to the authority granted to him by the May 23, 2018 TRO and the May 30, 2018 PI Order, and the exigent need to take immediate possession of the Receivership assets, the Receiver has retained Holland & Knight LLP to assist him in carrying out his duties as the Receiver. Specifically, the Receiver anticipates using Holland & Knight LLP to: (i) investigate and locate relevant assets and records; (ii) prepare filings; (iii) handle contested matters before this Court, including any necessary litigation; and (iv) assist as otherwise necessary to efficiently and effectively carry out his duties.

5. Holland & Knight LLP has expertise tailored for the issues presented by this case. The firm has experience in addressing legal issues relating to blockchain technology, cryptocurrency, and coin exchanges in the securities context. Among other things, the firm has advised clients on legal issues relating to initial coin offerings and the intersection between virtual currency, digital tokens (specifically ERC-20 tokens), and securities law. The firm also includes individuals who formerly held senior positions in the Department of Justice and the SEC. The Receiver will draw on this institutional knowledge and experience to effectively perform his duties.

6. The Receiver will compensate Holland & Knight LLP on an hourly basis, subject to applications presented to the Court and as set forth in the PI Order. As stated to

the SEC, during the first thirty (30) days of the Receiver's appointment, all fees and costs of all persons engaged by the Receiver (including Holland & Knight LLP) who are working on the matter, including any outside the firm retained by the Receiver, shall not exceed $125,000. Thereafter, Holland & Knight LLP shall discount its standard hourly rates by 15%. The Receiver will bill in accordance with the terms of the Order, the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, and such other orders as may be entered.

7. Holland & Knight LLP does not represent any other party to this case and, based on the information currently available, does not represent any other person or entity with an interest in this matter. The Receiver is a partner of Holland & Knight LLP.

8. Counsel for the Receiver has conferred with counsel for the SEC as to the terms and conditions of retaining Holland & Knight LLP, as set forth in this Notice. The SEC does not oppose the retention of Holland & Knight LLP or this Request For Order.

ACCORDINGLY, the Receiver, Josias Dewey, respectfully gives notice to the Parties and to the Court of its retention of Holland & Knight LLP as set forth herein and requests that the Court enter the attached [*Proposed*] Order recognizing and approving of said retention.

Dated: June 4, 2018

Respectfully submitted,

/s/ *Kristina S. Azlin*
Kristina S. Azlin (SBN 235238)
Vince Farhat (SBN 183794)

*Attorneys for Josias Dewey, Court-appointed Receiver for Receivership Entities*

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope St., 8th Floor, Los Angeles, California 90071.

On June 4, 2018, I served the document described as **RECEIVER'S NOTICE OF RETENTION OF HOLLAND & KNIGHT LLP AS LEGAL COUNSEL; [*PROPOSED*] ORDER APPROVING OF SAME** on the interested parties in this action as follows:

[X] (**BY Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d)(3) and Local Rule 5-4, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed document(s) to the U.S. District Court Central District of California's Electronic Case Filing (CM/ECF) system on this date.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 4, 2018, Los Angeles, California.

/s/
Kristina S. Azlin (SBN 235238)

#57810737_v3