HOLLAND & KNIGHT LLP
Vince Farhat (SBN 183794)
vince.farhat@hklaw.com
Kristina S. Azlin (SBN 235238)
kristina.azlin@hklaw.com
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone 213.896.2400
Facsimile 213.896.2450

*Attorneys for Josias Dewey, Court-appointed Receiver for Receivership Entities*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES, INC.; EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC. aka EHI-INSM, INC.; and MICHAEL ALAN STOLLERY aka MICHAEL STOLLAIRE,<br><br>Defendants. | Case No. 18-4315 DSF (JPRx)<br><br>**RECEIVER'S INITIAL STATUS REPORT FOR RECEIVERSHIP ESTATE OF TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES, INC.**<br><br>Complaint Filed: May 22, 2018 |

# **INITIAL STATUS REPORT**

Pursuant to paragraph XI of this Court's Order Appointing Permanent Receiver in this case, entered May 30, 2018 (the "Permanent Receivership Order"), Josias N. Dewey, the Court-appointed Receiver for Titanium Blockchain Infrastructure Services, Inc. ("Titanium") and its subsidiaries and affiliates (the "Receivership Entities"), files his initial status report:

## I. **BACKGROUND**

1. On May 22, 2018, the Securities and Exchange Commission filed a complaint against Defendants Titanium, EHI Internetwork and Systems Management, Inc., also known as EHI-INSM, Inc., and Michael Alan Stollery, also known as Michael Stollaire, along with an application for the appointment of a receiver for the Receivership Entities. After reviewing the application, the Court concluded that the appointment of a receiver in this action was necessary and appropriate for the purposes of marshaling and preserving all assets, tangible and intangible, that are owned, controlled or possessed by the Receivership Entities.

2. Accordingly, on May 23, 2018, the Court entered the Temporary Restraining Order (the "TRO") and Orders (1) Freezing Assets; (2) Prohibiting the Destruction or Alteration of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; and (5) Appointing a Temporary Receiver (the "Temporary Receivership Order"), appointing Josias N. Dewey as temporary receiver for the Receivership Entities. On May 24, 2018, all Defendants were served with the summons, complaint, TRO, and Temporary Receivership Order.

3. On May 30, 2018, the Court entered the Permanent Receivership Order (together with the Temporary Receivership Order, collectively, the "Receivership Order"). The Defendants consented to the entry of the Permanent Receivership Order.

4. On June 6, 2018, the Court entered orders approving the Receiver's decision to employ Holland & Knight LLP as legal counsel and Kroll Cyber Security ("Kroll") as

a forensic and investigative consultant.

5. The Receivership Order requires that the Receiver file periodic status reports with the Court. In satisfaction of this requirement, the Receiver submits the following report covering the period from May 23, 2018 through June 23, 2018.

## II. SUMMARY OF RECEIVERSHIP ACTIVITIES

6. During the reporting period, the Receiver has focused most of his efforts on investigating, identifying, collecting, and preparing an inventory of assets of the Receivership Entities. The principal assets recovered include cryptocurrency, U.S. currency, electronic data, and physical assets such as computer equipment.

7. On May 24, 2018, the Receiver and his legal counsel, together with the assistance of Kroll, were able to seize and search computer equipment, mobile phones and other electronic devices belonging to the Receivership Entities and interview Mr. Stollery and certain of his associates at their offices in Sherman Oaks, California and Springfield, Oregon.

8. Through that search and those interviews, the Receiver identified and took control of certain cryptocurrency assets. In addition, the Receiver collected other assets at the Sherman Oaks site and from an office site in Springfield, Oregon that had been leased on behalf of Titanium.

9. Additional actions the Receiver and his advisors have taken include, but are not limited to, the following:

    a. Establishing a Receiver website and redirecting the DNS for http://tbis.io, email address (TBISReceiver@gmail.com), so that Titanium's investors and other creditors can receive information pertaining to the receivership;

    b. Identifying cryptocurrency wallets and/or accounts controlled by the Defendants and containing the cryptocurrencies bitcoin, Bitcoin Cash, Ether, Litecoin, Dash, Electroneum, ZCash, BAR and TBAR, and either transferring the cryptocurrency to wallets controlled by the Receiver or causing third party

      custodial agents to freeze such accounts;

c. Taking control of Titanium's U.S. Bank account and having the entire account balance transferred to an account established by the Receiver;

d. Taking control of Titanium's Chase Bank account and requesting that the entire account balance be transferred to an account established by the Receiver;

e. Securing access to Mr. Stollery's safe deposit box and the retrieval of relevant information and assets from same;

f. Reviewing Titanium's provisional patent application and GitLab account, and conducting telephone interviews with Titanium's chief technology officer, to evaluate the current value of intellectual property and Titanium as a going concern;

g. Engaging Kroll to inventory and image computers and phones collected from Titanium's offices in Sherman Oaks, California, and Springfield, Oregon;

h. Interviewing Titanium's chief operating officer regarding business operations and matters pertaining to theft of virtual currencies from the Defendant Titanium;

i. Obtaining information from special agents with the Secret Service and Federal Bureau of Investigations regarding the theft of virtual currencies from the Defendant Titanium;

j. Securing personal property owned or leased by Titanium at both of its offices;

k. Changing the locks at both commercial offices of the Defendant Titanium;

l. Negotiating with commercial landlords to secure the termination of Titanium's leases;

m. Serving written notices on cryptocurrency exchanges and other third parties to locate additional assets, including certain overseas exchanges;

n. Analyzing payroll and employment matters, including status of employment tax payments; and

3

1         o. Terminating the employment of employees of Defendant Titanium.

## III. ASSETS AND LIABILITIES

10. The Receiver's investigation of the assets and liabilities of the Receivership Entities is still ongoing. The Receiver is continuing to try to identify other assets by analyzing computers and other electronic devices that have been collected, requesting that subpoenas be issued to various parties, contacting former employees and agents of Defendant Titanium by phone and email, and communicating with Defendant Stollery.

11. To date, the Receiver has had the opportunity to interview Defendant Stollery several times in person, Mr. Richard Silver, the former chief operating officer, over the phone, and several other former employees or agents of the Receivership Entities. The Receiver plans to interview and/or depose other interested parties who may have information regarding assets and liabilities of the Receivership Entities.

12. The Receiver has had to expend significant resources to identify as many of the assets and liabilities of the Receivership Entities as he could through analysis of the computer equipment he obtained, the information provided by Defendant Stollery, and other means.

13. To date, the Receiver has identified and secured the following assets of the Receivership Entities:

| Asset | Estimated Value or Amount |
| --- | --- |
| U.S. Bank Account | $50,000.00 |
| Chase Bank Account | $200,000.00 |
| bitcoin(BTC) | 151.78 coins |
| Bitcoin Cash(BTH) | 95.12103983 coins |
| Ether(ETH) | 2156.288899 coins |
| Litecoin(LTC) | 4972.99774742 coins |
| ZCash(ZEC) | 7.9046 coins |

| Asset | Estimated Value or Amount |
|---|---|
| Dash(DASH) | 66.59959886 coins |
| Electroneum(ETN) | 21035513.98 coins |

14. Under the Receivership Order, the Receiver has established one or more custodial accounts at a federal insured bank to receive and hold all cash equivalent property of the Receivership Entities. The Receiver has set up such an account in the name of "Josias N. Dewey, as Receiver for Titanium Blockchain Infrastructure Services, Inc." In addition, the Receiver has established multiple cryptocurrency wallets to hold all of the cryptocurrency that the Receiver has collected.

15. The Receiver has started the process of evaluating whether there are any claims against third parties to recover assets of the Receivership Estates. In this regard, the Receiver has received bank records and a large volume of email that he and his counsel are reviewing. In addition, the Plaintiff Securities and Exchange Commission ("SEC") has issued subpoenas to third parties for documents and deposition testimony. The SEC and the Receiver have collaborated in their efforts to recover assets of the Receivership Entities and to obtain additional information to assist in the recovery of such other assets. To date, the Receiver has not filed a lawsuit against any third parties.

16. The Receiver has taken steps to minimize ongoing Receivership Estate expenses by terminating employees, recurring expenses and the office lease in Sherman Oaks, California, and is working to secure a termination agreement from the commercial landlord under the Springfield, Oregon office lease. The Receiver has not identified any other ordinary course liabilities of the Receivership Entities, apart from any potential claims regarding employment matters or claims held by contributors to the Titanium ICO.

## IV. ADMINISTRATIVE EXPENSES

17. The Receiver has incurred administrative expenses as a result of his efforts to marshal and preserve the assets of the Receivership Entities. For example, the Receiver

has incurred expenses for legal counsel from Holland & Knight and for technical consultants from Kroll. The Receiver has not yet made any disbursements but notes that both Holland & Knight and Kroll have incurred fees and expenses in connection with these efforts, and compensation will be sought in due course in accordance with the provisions of the Receivership Order.

18. The Receiver has also incurred other nominal fees such as transaction costs associated with transferring the cryptocurrency to accounts controlled by the Receiver, wire transfer fees, changing locks on the business office, travel and hotel costs associated with the seizure of assets and company property, and costs to set up the Receiver's website.

19. The Receivership Order gives the Receiver the authority to dispose of property of the Receivership Entities in the ordinary course of business "on terms and in the manner the Receiver deems most beneficial to the Receivership Estate." To date, the Receiver has not liquidated or disposed of any assets. However, the Receiver anticipates that he will seek to liquidate some of the assets that may decrease in market value, such as the televisions, computers, and smart phones, to maximize the recovery amount.

20. With respect to the cryptocurrency, market valuations have fluctuated significantly since the time of collection and likely will continue to do so. Unless otherwise directed by the Court, however, for now the Receiver intends to continue holding the cryptocurrency in the Receiver's wallets and not liquidate it. The Receiver will continue to assess the challenges of liquidating the cryptocurrency and make a recommendation to the Court as part of a proposed liquidation plan.

## V. **PROPOSED PLAN FOR ADMINISTERING THE RECEIVERSHIP**

21. The reporting period covers only one month since the Receiver's appointment, and the Receiver is still in the process of identifying and securing assets of the Receivership Entities. The Receiver believes that there are additional assets of the Receivership Entities that he has not taken possession of, including nearly $20,000,000 of Ether and other virtual currencies that were stolen from Defendant Titanium in

February 2018, and may need to file lawsuits to collect all of the property that belongs to the Receivership Entities.

22.  In addition, the Receiver is still early in the process of validating the contributions and investments made to the Receivership Entities based upon information collected from computers and servers and also from the information provided by persons who have contacted the Receiver. Based on the information identified to date, the Receiver believes that it will take substantial effort to validate the contributions and investments and accurately determine what is owed to whom, following the resolution of the underlying case between the SEC and Defendants. The Receiver anticipates that he may need to engage in a novel proof-of-claim process that will address the unique problems in confirming and corroborating the claims of Titanium's cryptocurrency investors.

23.  Accordingly, the Receiver recommends that he be allowed to continue his investigation to locate and secure additional assets and also to validate the contributions and investments made to the Receivership Entities. The work of identifying additional assets and recovering them through negotiation or litigation must necessarily be completed before the Receiver can prepare a definitive liquidation plan. Accordingly, the Receiver estimates that he will need at least 180 days before he will be able to submit a proposed liquidation plan.

24.  The Receiver will submit another status update within thirty days after the end of the third calendar quarter and will provide additional guidance regarding the timing of a definitive liquidation plan.

Dated: June 25, 2018                    Respectfully submitted,

/s/ *Kristina S. Azlin*
Kristina S. Azlin (SBN 235238)
Vince Farhat (SBN 183794)


*Attorneys for Josias Dewey, Court-appointed Receiver for Receivership Entities*

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope St., 8th Floor, Los Angeles, California 90071.

On June 25, 2018, I served the document described as **RECEIVER'S INITIAL STATUS REPORT FOR RECEIVERSHIP ESTATE OF TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES, INC.** on the interested parties in this action as follows:

[X] (**BY Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d)(3) and Local Rule 5-4, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed document(s) to the U.S. District Court Central District of California's Electronic Case Filing (CM/ECF) system on this date.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 25, 2018, Los Angeles, California.

/s/
Kristina S. Azlin (SBN 235238)

#58560635_v1