**HOLMES, TAYLOR, SCOTT & JONES LLP**
Andrew B. Holmes (SBN: 185401)
abholmes@htsjlaw.com
Patrick V. Chesney (SBN: 267587)
patrick.chesney@htsjlaw.com
617 South Olive Street, Suite 1200
Los Angeles, California 90014
Tel: (213) 985-2200
Fax: (213) 973-6282

Attorneys for Defendants Michael Alan Stollery and
EHI Internetwork and Systems Management, Inc.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV18-4315-DSF(JPRx) |
| Plaintiff, | [Hon. Dale S. Fischer] |
| vs. | **MICHAEL STOLLERY AND EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC.'S ANSWER TO COMPLAINT** |
| TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES, INC.; EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC. aka EHI-INSM, INC.; and MICHAEL ALAN STOLLERY aka MICHAEL STOLLAIRE, | |
| Defendants. | |

Defendants Michael Alan Stollery aka Michael Stollaire ("Mr. Stollaire") and EHI Internetwork and Systems Management, Inc. aka EHI-INSM, Inc. ("EHI") hereby answer the Complaint of Plaintiff Securities and Exchange Commission (the "SEC") by denying all allegations set forth in the Complaint not specifically admitted herein. Mr. Stollaire and EHI (jointly, "Defendants") respond as follows:

**JURISDICTION AND VENUE**

1.      Answering paragraph 1, Defendants deny this Court has jurisdiction because there are no "securities" involved here. Defendants deny the remaining allegations, except to the extent that the allegations constitute legal conclusions that do not require a response.

2.      Answering paragraph 2, Defendants deny the allegations in this paragraph, except to the extent that the allegations constitute legal conclusions that do not require a response.

3.      Answering paragraph 3, Defendants admit venue, that Mr. Stollaire resides in this district, and that the two corporate defendants are based in this district, but lack knowledge and/or information sufficient to form a belief about the truth of the remaining allegations therein, and deny them on that ground.

**SUMMARY**

4.      Answering paragraph 4, Defendants admit that an initial coin offering ("ICO") of a digital asset called "BAR" occurred and that Mr. Stollaire was a principal of TBIS and EHI, but deny all other allegations in this paragraph.

5.      Answering paragraph 5, Defendants deny the allegations in this paragraph.

6.      Answering paragraph 6, Defendants admit that purchasers of BAR were located in numerous states and abroad, and deny all other allegations in this paragraph.

7.      Answering paragraph 7, Defendants deny the allegations in the first sentence. With regard to the second and fifth sentences, Defendants deny that there was a "misrepresentation" and that the companies were TBIS' (rather than EHI's) current or former customers. With regard to the third sentence, Defendants deny "bombarding investors," and otherwise admit the allegations in this sentence. With regard to the fourth sentence, Defendants lack information to admit or deny and deny on that basis. Defendants deny all other allegations in this paragraph.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

8.      Answering paragraph 8, Defendants deny the allegations in this paragraph.

9.      Answering paragraph 9, Defendants deny the allegations in this paragraph.

10.     Answering paragraph 10, Defendants admit they loaned TBIS hundreds of thousands of dollars and that the repayment by TBIS of these loaned amounts was not carefully documented. Defendants deny all other allegations in this paragraph.

11.     Answering paragraph 11, Mr. Stollaire does not have information to admit or deny the phrase "shortly after completion" and deny on that basis. Defendants also deny the last sentence. As to the purported quote, the referenced document speaks for itself. Defendants admit the remaining allegations in this paragraph.

12.     Answering paragraph 12, Defendants deny the allegations in this paragraph.

13.     Answering paragraph 13, Defendants deny the phrase "were improperly using," and otherwise admit the allegations in this paragraph.

14.     Answering paragraph 14, Defendants admit Mr. Stollaire had meetings with people from billion-dollar companies based abroad, and otherwise deny the allegations in this paragraph.

15.     Answering paragraph 15, Defendants deny "touting" anything, and deny the phrase "a vast number." As to the purported quote, the referenced document speaks for itself. Defendants otherwise admit the allegations in this paragraph.

16.     Answering paragraph 16, Defendants deny that Mr. Stollaire continues to appear for interviews or post on social media, and deny that the April 27, 2018 activity was to "drive up trading volume." Defendants also deny that the quoted allegations are true as phrased, as they are out of context. As to the purported quotes, the referenced documents speak for themselves. Defendants admit the remaining allegations in this paragraph.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

17.     Answering paragraph 17, as to the purported quote, the referenced document speaks for itself. Defendants admit the other allegations in this paragraph.

18.     Answering paragraph 18, Defendants deny the allegations in this paragraph.

## THE DEFENDANTS

19.     Answering paragraph 19, Defendants admit the allegations in the first two sentences in this paragraph and that TBIS filed Articles of Incorporation in Wyoming. Defendants lack information to admit or deny the other allegations in this paragraph and deny them on that basis.

20.     Answering paragraph 20, Defendants admit the allegations in this paragraph, except that EHI-INSM, Inc. is a registered dba of EHI Internetwork and Systems Management, Inc., and as such deny that the referenced entity is not incorporated.

21.     Answering paragraph 21, Defendants admit the allegations in this paragraph.

22.     Answering paragraph 22, Defendants admit the allegations in this paragraph.

## FACTUAL ALLEGATIONS

### A.     Background on Initial Coin Offerings

23.     Answering paragraph 23, Defendants deny that this accurately describes an ICO.

24.     Answering paragraph 24, Defendants admit the allegations in this paragraph.

25.     Answering paragraph 25, Defendants deny that the first sentence is accurate with the inclusion of the word "theoretically," and otherwise admit the allegations in that sentence. Defendants admit that the second sentence is technically correct, but it is incomplete, and deny it on that basis. Defendants admit the other allegations in this paragraph.

26.     Answering paragraph 26, Defendants admit the allegations in the first sentence, but deny that they are applicable to TBIS. Defendants admit the remaining allegations in this paragraph.

27.     Answering paragraph 27, Defendants admit the allegations as they pertain to ICOs in general, but deny that they are applicable to TBIS.

28.     Answering paragraph 28, Defendants admit that a Report of Investigation was issued on that date. As to the purported summary of that Report, the referenced document speaks for itself.

**B.     Defendants Create BAR**

**1.     Stollaire Lays the Foundation for the Scheme**

29.     Answering paragraph 29, Defendants deny there was a "social media campaign." Also, others aside from Mr. Stollaire had access to and posted on his social media accounts. As to the purported quote, the referenced document speaks for itself. As such, Defendants lack information to admit or deny the allegations in this paragraph, and deny them on that basis.

30.     Answering paragraph 30, as to the purported quote, the referenced document speaks for itself. Others aside from Mr. Stollaire had access to and posted on his social media accounts. As such, Defendants lack information to admit or deny the allegations in this paragraph, and deny them on that basis.

31.     Answering paragraph 31, others aside from Mr. Stollaire had access to and posted on his social media accounts. As such, Defendants lack information to admit or deny the allegations in this paragraph, and deny them on that basis.

32.     Answering paragraph 32, Defendants admit the allegations in the first sentence of this paragraph. As to the purported quote, the referenced document speaks for itself. Others aside from Mr. Stollaire had access to and posted on his social media accounts. As such, Defendants lack information to admit or deny the balance of allegations in this paragraph, and deny them on that basis.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

33.     Answering paragraph 33, as to the purported quotes, the referenced documents speak for themselves. Others aside from Mr. Stollaire had access to and posted on his social media accounts. As such, Defendants lack information to admit or deny the allegations in this paragraph, and deny them on that basis.

**2.     The TBIS ICO**

34.     Answering paragraph 34, Defendants admit the allegations in this paragraph.

35.     Answering paragraph 35, Defendants deny the allegation that the use of the words "extensive" and "prolific" is accurate, and deny that there were any "paid-for interviews on Facebook." Others aside from Mr. Stollaire had access to and posted on his social media accounts. As such, Defendants lack information to admit or deny the balance of allegations in this paragraph, and deny them on that basis.

36.     Answering paragraph 36, Defendants deny the allegations in the first sentence in this paragraph, and deny "supplies are limited and will not last long" was said. Others aside from Mr. Stollaire had access to and posted on his social media accounts. As such, Defendants lack information to admit or deny the balance of allegations in this paragraph, and deny them on that basis.

37.     Answering paragraph 37, Defendants admit the allegations in this paragraph.

38.     Answering paragraph 38, Defendants admit the allegations in this paragraph.

39.     Answering paragraph 39, Defendants admit the allegations in this paragraph.

40.     Answering paragraph 40, Defendants deny the allegations in the first sentence. Defendants lack information about whether the statements or transcripts are accurate, in-context, complete, and/or were even made by him, and deny them on that basis.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

### 3. The TBIS Whitepapers

41.     Answering paragraph 41, Defendants admit the allegations in this paragraph.

42.     Answering paragraph 42, Defendants admit that Mr. Stollaire was listed first on each whitepaper and was involved in every revision through January 16, 2018, and deny the balance of the allegations in this paragraph.

43.     Answering paragraph 43, Defendants admit the allegations in this paragraph.

44.     Answering paragraph 44, Defendants admit the paragraph up to and ending at the beginning of the parenthetical, but deny the allegations including and after that parenthetical.

45.     Answering paragraph 45, Defendants admit the first clause of this sentence (ending at the comma), but deny everything after the comma.

46.     Answering paragraph 46, Defendants deny the whitepaper described anything about "investors", and admit the rest of the allegations in this paragraph.

47.     Answering paragraph 47, Defendants deny the whitepaper described anything about "investor funds", and admit the rest of the allegations in this paragraph.

48.     Answering paragraph 48, Defendants deny that these were dollars ($), but instead BARs, and admit the rest of the allegations in this paragraph.

49.     Answering paragraph 49, Defendants admit the allegations in this paragraph.

50.     Answering paragraph 50, for the first sentence, Defendants deny that these were dollars ($), but were instead BARs, and admit the rest of that sentence. Defendants deny the balance of allegations in this paragraph.

51.     Answering paragraph 51, Defendants deny the allegations in this paragraph.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

52.     Answering paragraph 52, Defendants admit the allegations in this paragraph, except for the values on the specified dates, for which Defendants lack information to admit or deny the allegations in this paragraph, and deny them on that basis.

**C.      The Defendants Made Material Misrepresentations and Omissions in Connection with the TBIS ICO**

**1.      Fictitious business relationships and testimonials**

53.     Answering paragraph 53, the quoted documents speak for themselves.

54.     Answering paragraph 54, Defendants admit the allegations in this paragraph.

55.     Answering paragraph 55, Defendants deny the phrase "falsely claim", and admit the balance of the allegations in this paragraph.

56.     Answering paragraph 56, Defendants deny the phrase "-and falsely-", and admit the balance of the allegations in this paragraph.

57.     Answering paragraph 57, Defendants deny the phrase "falsely says", and admit the balance of the allegations in this paragraph.

58.     Answering paragraph 58, Defendants deny the phrase "falsely proclaim", and admit the balance of the allegations in this paragraph.

59.     Answering paragraph 59, Defendants deny that the word "purportedly" should be included, and admit the balance of the allegations in this paragraph.

60.     Answering paragraph 60, Defendants deny the phrases "false statements", and "falsely represented", and admit the balance of the allegations in this paragraph.

61.     Answering paragraph 61, Defendants deny the phrase "false claims", and admit the balance of the allegations in this paragraph.

62.     Answering paragraph 62, Defendants deny the phrases "fabricated" "fake", and admit the balance of the allegations in this paragraph.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

63.     Answering paragraph 63, Defendants admit the allegations in this paragraph.

64.     Answering paragraph 64, Defendants admit the allegations in this paragraph.

65.     Answering paragraph 65, Defendants deny the phrase "or resold certain IT gear", and admit the remaining allegations in this paragraph.

66.     Answering paragraph 66, Defendants deny the allegations in this paragraph.

67.     Answering paragraph 67, Defendants deny the allegations in this paragraph.

68.     Answering paragraph 68, Defendants admit they received letters, but deny that they agreed with the content of those letters, and deny that their actions were any kind of concession. Defendants admit the remaining allegations in this paragraph.

69.     Answering paragraph 69, Defendants deny the allegations in the first sentence of this paragraph, and admit the rest.

70.     Answering paragraph 70, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

71.     Answering paragraph 71, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

72.     Answering paragraph 72, Defendants admit the allegations in this paragraph.

73.     Answering paragraph 73, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

74.     Answering paragraph 74, as to the purported quote, the source document speaks for itself. Defendants admit that EHI did work for eBay and obtained a testimonial from a Director of Network Engineering for eBay, and deny the other allegations in this paragraph.

75.     Answering paragraph 75, as to the purported quote, the source document speaks for itself. Defendants admit that EHI did work for TrueCar.com, and deny the other allegations in this paragraph.

76.     Answering paragraph 76, as to the purported quotes, the source documents speak for themselves. Defendants admit that EHI did work for Santa Barbara Bank and Trust, and deny the other allegations in this paragraph.

77.     Answering paragraph 77, as to the purported quote, the source document speaks for itself. Defendants admit that EHI did work for the Federal Reserve Bank, and deny the other allegations in this paragraph.

78.     Answering paragraph 78 the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

79.     Answering paragraph 79, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

### 2.     Defendants falsely represent that they own intellectual property

80.     Answering paragraph 80, Defendants deny that any of the products and/or services were identified as registered trademarks, and deny that use of the symbol "™" means or requires that a trademark be registered. Further, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

81.     Answering paragraph 81, Defendants deny that any of the products and/or services were identified as registered trademarks, and deny that use of the symbol "™" means or requires that a trademark be registered. Further, the allegations

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

82.    Answering paragraph 82, Defendants deny that any of the products and/or services were identified as registered trademarks, and deny that use of the symbol "™" means or requires that a trademark be registered. Further, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

83.    Answering paragraph 83, Defendants deny that any of the products and/or services were identified as registered trademarks, and deny that use of the symbol "™" means or requires that a trademark be registered. Further, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

84.    Answering paragraph 84, Defendants deny the allegations in the first sentence this paragraph. Defendants admit the second sentence, but Defendants deny the use of the term "inexplicably" in the third sentence and admit the balance of the allegations this paragraph.

85.    Answering paragraph 85, Defendants admit the allegations in this paragraph.

86.    Answering paragraph 86, Defendants admit the allegations in this paragraph.

87.    Answering paragraph 87, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

88.    Answering paragraph 88, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

89.     Answering paragraph 89, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

**D.     The Bar Theft and the Creation of TBAR**

90.     Answering paragraph 90, Defendants deny that this occurred on February 22, 2018, and admit the balance of allegations in this paragraph.

91.     Answering paragraph 91, Defendants admit the allegations in this paragraph.

92.     Answering paragraph 92, Defendants admit the allegations in this paragraph.

93.     Answering paragraph 93, Defendants deny the allegations insofar as they use the terms "investor" or "investors", and otherwise admit the allegations in this paragraph.

**E.     Defendants' Attempts to Prop Up or Inflate TBAR**

94.     Answering paragraph 94, Defendants deny the allegations in the first sentence of this paragraph. Defendants deny the phrase "and claiming that TBAR is available for purchase by Chinese citizens only," and admit the balance of allegations in the second sentence.

95.     Answering paragraph 95, as to the purported quote, the referenced documents speak for themselves. Defendants admit the other allegations in this paragraph.

96.     Answering paragraph 96, as to the purported quote, the referenced document speaks for itself. Defendants admit the other allegations in this paragraph.

97.     Answering paragraph 97, as to the purported quote, the referenced document speaks for itself. Defendants admit the other allegations in this paragraph.

98.     Answering paragraph 98, Defendants admit the allegations in this paragraph.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

**F.     TBIS's ICO and the BAR and TBAR digital assets were not registered with the SEC**

99.     Answering paragraph 99, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

100.    Answering paragraph 100, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

101.    Answering paragraph 101, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

102.    Answering paragraph 102, Defendants admit the allegations in this paragraph.

**FIRST CLAIM FOR RELIEF**
**Fraud in Connection with the Purchase or Sale of Securities**
**Violations of Section 10(b) of the Exchange Act**
**And Rule 10b-5(a) and 10b-5(c) Thereunder**
**(Against All Defendants)**

103.    Answering paragraph 103, Defendants incorporate by reference paragraphs 1 through 102 above.

104.    Answering paragraph 104, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

105.    Answering paragraph 105, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

106.    Answering paragraph 106, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

## SECOND CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b) Thereunder
### (Against All Defendants)

107.   Answering paragraph 107, Defendants incorporate by reference paragraphs 1 through 102 above.

108.   Answering paragraph 108, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

109.   Answering paragraph 109, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

110.   Answering paragraph 110, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF
### Fraud in the Offer or Sale of Securities
### Violations of Section 17(a)(1) and (3) of the Securities Act
### (Against All Defendants)

111.   Answering paragraph 111, Defendants incorporate by reference paragraphs 1 through 102 above.

112.   Answering paragraph 112, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

113.   Answering paragraph 113, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

114.   Answering paragraph 114, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

## FOURTH CLAIM FOR RELIEF
### Fraud in the Offer or Sale of Securities
### Violations of Section 17(a)(2) of the Securities Act
### (Against All Defendants)

115.   Answering paragraph 115, Defendants incorporate by reference paragraphs 1 through 102 above.

116.   Answering paragraph 116, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

117.   Answering paragraph 117, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

118.   Answering paragraph 118, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF
### Unregistered Offer or Sale of Securities
### Violations of Section 5(a) and 5(c) of the Securities Act
### (Against TBIS and Stollaire)

119.   Answering paragraph 119, Defendants incorporate by reference paragraphs 1 through 102 above.

120.   Answering paragraph 120, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

121.   Answering paragraph 121, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

122.   Answering paragraph 122, the allegations are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof for such defenses that Defendants would not otherwise have, Defendants assert the following affirmative defenses:

**First Affirmative Defense**

The SEC's Complaint, and each claim alleged therein, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The SEC's claims are barred, in whole or in part, because Defendants acted in good faith at all material times and in conformity with all applicable federal statutes, including the Securities Act and Exchange Act, and all applicable rules and regulations promulgated thereunder.

**Third Affirmative Defense**

The SEC's claim for injunctive relief is barred because, inter alia, there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. The SEC's injunctive relief claim is further barred because the adverse effects of any injunction far outweigh any benefit from an injunction.

**Fourth Affirmative Defense**

The SEC's claim for penalties is barred because, inter alia, any alleged violation was isolated and/or unintentional.

**Fifth Affirmative Defense**

The SEC's claim for disgorgement is barred because, inter alia, Defendants never received any ill-gotten gains as a result of any of the actions alleged in the Complaint.

**Sixth Affirmative Defense**

The SEC's claims must be dismissed for lack of subject matter jurisdiction.

**Seventh Affirmative Defense**

Defendants hereby give notice that Defendants intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses.

**PRAYER**

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1.    That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants;

2.    That the SEC take nothing by way of the Complaint;

3.    That Defendants be awarded their costs of suit incurred in the defense of this action, including reasonable attorney's fees pursuant to the Equal Access to Justice Act (or as otherwise authorized); and

4.    For such further and other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury for all claims for which a jury is permitted.

Dated:  July 2, 2018                                HOLMES, TAYLOR, SCOTT & JONES LLP

By:    /s/ Andrew B. Holmes
Andrew B. Holmes
Attorneys for Michael Alan Stollery and
EHI Internetwork and
Systems Management, Inc.

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014