HOLLAND & KNIGHT LLP
Kristina S. Azlin (SBN 235238)
kristina.azlin@hklaw.com
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone 213.896.2400
Facsimile  213.896.2450

Jose A. Casal (*pro hac vice*)
jose.casal@hklaw.com
701 Brickell Avenue. Suite 3300
Miami, Florida 33131
Telephone 305.789.7736

*Attorneys for Josias Dewey, Court-appointed
Receiver for Receivership Entities*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES, INC.; EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC. aka EHI-INSM, INC.; and MICHAEL ALAN STOLLERY aka MICHAEL ALAN STOLLAIRE, <br><br> Defendants. | Case No. 18-cv-4315 DSF (JPRx) <br><br> **MOTION FOR APPROVAL OF RECEIVER'S PROPOSED DISTRIBUTION PLAN** <br><br> Date:   May 16, 2022 <br> Time:   1:30 p.m. <br> Ctrm:   7D <br> Judge:  Hon. Dale S. Fischer |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## Contents

**I.**  **INTRODUCTION** ..................................................................................... 1

**II.**  **CLAIMS ALLOWANCE PROCESS** ....................................................... 1

    **A.**  The Claims Process ..................................................................... 1

    **B.**  **Preliminary Processing and Determination of Allowed and Disallowed Claims.** ................................................................... 3

    **C.**  **Non-Investor Claims** ................................................................ 4

    **D.**  **BAR and TBAR Investor Claims** ............................................ 4

**III.**  **ARGUMENT** .......................................................................................... 5

    **A.**  **This Court Enjoys Broad Discretion in the Administration of Claims against Fiduciary-Administered Estates.** ......................... 5

    **B.**  **A Pro Rata Distribution Based on Net Investment Is Appropriate for Similarly Situated Claimants.** ................................................ 6

    **C.**  **Distributing Net Remaining Funds in Excess of Allowed Investor Claims.** ...................................................................................... 8

    **D.**  **Distributing Allowed Claims in Ether Will Maximize the Recovery for the Investor Claimants.** ....................................... 9

    **E.**  **The Distribution Contemplated by the Plan is Fair and Reasonable** ............................................................................... 11

**IV.**  **CONCLUSION** .................................................................................... 12

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CFTC v. Barki*,
2009 WL 3839389 (W.D.N.C. Nov. 12, 2009) ...................................................7

*CFTC v. Capitalstreet Fin., LLC*,
2010 WL 2572349 (W.D.N.C. June 18, 2010).....................................................7

*Janvey v. Romero*,
No. 3:11-CV-0297-N, 2015 WL 11017950 (N.D. Tex. Sept. 22,
2015) ...................................................................................................................9

*SEC v. Arise Bank*,
Dkt. No. 116, No. 3:18-cv-00186-M (N.D. Tex. Jan. 25, 2018).........................9

*SEC v. Byers*,
637 F. Supp. 2d 166 (S.D.N.Y. 2009) .............................................................6, 7

*SEC v. Cap. Consultants, LLC*,
397 F.3d 733 (9th Cir. 2005) .....................................................................5, 6, 7

*SEC v. Credit Bancorp, Ltd.*,
2000 WL 1752979 (S.D.N.Y. Nov. 29, 2000) ...................................................9

*SEC v. Credit Bancorp, Ltd.*,
290 F.3d 80 (2d Cir. 2002) ...............................................................................6

*SEC v. EB5 Asset Manager, LLC*,
2016 WL 11486857 (S.D. Fla. Dec. 8, 2016)....................................................9

*SEC v. Elliot*,
953 F.2d 1560 (11th Cir. 1992) .......................................................................5

*SEC. v. Enterprise Tr. Co.*,
2008 WL 4534154 (N.D. Ill. Oct. 7, 2008) .......................................................9

*SEC v. Felix Investments*,
No. 16-CV-01386-EMC, 2018 WL 6706038 (N.D. Cal. Dec. 20,
2018) ...................................................................................................................9

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*SEC v. Hardy,*
   803 F.2d 1034 (9th Cir. 1986) ........................................................................5, 6

*SEC v. Infinity Grp.,*
   226 F. App'x 217 (3d Cir. 2007) .............................................................................6

*SEC v. Topworth Int'l, Ltd.,*
   205 F.3d 1107 (9th Cir. 1999) ...........................................................................5, 6

*SEC v. Wealth Mgmt. LLC,*
   628 F.3d 323 (7th Cir. 2010) ...................................................................................6

*SEC v. Wencke,*
   622 F.2d 1363 (9th Cir. 1980) ...........................................................................1, 5

*In re Tedlock Cattle Co,*
   552 F.2d 1351 (9th Cir. 1977) .................................................................................6

*United States v. Durham,*
   86 F.3d 70 (5th Cir. 1996) ........................................................................................9

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

ii

I.      **INTRODUCTION**

Josias N. Dewey, the Court appointed Receiver for the estates of Defendant Titanium Blockchain Infrastructure Services Inc. and its subsidiaries and/or affiliates (collectively, the "<u>Receivership Entity</u>"), hereby submits this Motion for Approval of Receiver's Proposed Distribution Plan (the "<u>Motion</u>"). The Receiver's proposed distribution plan is attached hereto as Exhibit 1 ("<u>Receiver's Distribution Plan</u>").

On May 23, 2018, the Court entered a Temporary Restraining Order (the "<u>TRO</u>") and Orders (1) Freezing Assets; (2) Prohibiting the Destruction or Alteration of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; and (5) Appointing a Temporary Receiver (the "<u>Temporary Receivership Order</u>"), appointing Josias N. Dewey as temporary receiver for the Receivership Entity. (Dkt. 2.)

On May 30, 2018, the Court entered the Permanent Receivership Order (Dkt. 48) (together with the Temporary Receivership Order, collectively, the "<u>Receivership Order</u>").  The Defendants consented to the entry of the Permanent Receivership Order. (*See* Dkt. 47.)

II.     **CLAIMS ALLOWANCE PROCESS**

A.      <u>**The Claims Process**</u>

On July 28, 2020, the Receiver submitted a Notice of Motion and Motion for Approval of Claims Process and Bar Date. (Dkt. 94) ("<u>Claims Process Motion</u>"). On August 21, 2020, the Court granted the Claims Process Motion, including approving the use of tokenized validation methods on the ethereum blockchain. (Dkt. 96) ("<u>Claims Process Order</u>").

Due to the complex technical requirements of this novel system, the Receiver and the Securities and Exchange Commission ("<u>SEC</u>") jointly stipulated for additional time in verifying an estimated 21,000 potential claimants. (Dkt. 98.) The Court agreed, extending the claims period for potential claimants of the Receivership Entity to 180 calendar days following publication of the Claims Process Notice. (Dkt. 101.) The Court also granted the Receiver's motion to appoint RCB Fund Services LLC ("<u>RFS</u>")

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1

as a claims administrator in an effort to efficiently, and cost-effectively identify potential claims in the complex weave of blockchain transactions. (*See* Dkt. 100.)

The Receiver sent notice to potential claimants by both (i) publication and (ii) direct email. (*See* Dkt. 102.) On February 12, 2021, the Receiver published initial Notice of the Claims Process and Bar Date on PR Newswire and Twitter. *Id.* On March 2, 2021, the Receiver sent the same Notice to potential claimants whose email addresses were known. *Id.* Such notices sent a detailed description of the case, eligible claimants and the claims process, information on how to submit a claim, link to the claims process website, and the deadline to submit a claim—set for August 11, 2021 (the "Bar Date"). *See id.*

Web traffic analytics indicate the PR Newswire publication of the Notice reached a total potential audience of 150 million individuals in the first month of publication. During that time, 275 individual sources around the internet posted the Notice in its entirety, known as "exact match pickups." These sources include Yahoo! Finance, the Associated Press, and Seeking Alpha (one of the largest crowd-sourced content services for financial markets and information). The PR Newswire publication of the Notice was also distributed to approximately 1,000 Associated Press outlets, including C-SPAN, FoxNews.com, CBS News Radio, the New York Times, and CNBC. The sole Twitter post with a link to the Notice reached an average potential audience of 5,086 individuals. From February 12 to March 10, 2021, the PR Newswire post received roughly 9,000 views and hits, comprised of approximately 512 "media" views and 7,000 "public" views, among others.

On February 27, 2021, the claims portal went live. Within the first 48 hours, the portal received claims originating from 23 different countries. Given the vast success, the Receiver continued to publish reminder publications throughout the claims period until the Bar Date. *See id.*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Motion for Approval of Receiver's Proposed Distribution Plan

Case No.: 18-cv-4315 DSF (DPRx)

**B.** <u>**Preliminary Processing and Determination of Allowed and Disallowed Claims**</u>.

As detailed in the Claims Process Status Notice, the Receiver, claims administrator RFS, and Holland & Knight LLP ("<u>Counsel</u>") have worked diligently to test, validate, and ultimately deploy an automated validation-based claims process system (the "<u>Claims Portal</u>"). (*See* Dkt. 102.) The Claims Portal involves using the public record of the transactions—the virtual ERC-20 cryptocurrency token transfers which exist on the Ethereum blockchain network ("<u>Ethereum Network</u>")—to validate the legitimacy of claims and prevent fraudulent or duplicative claims. The Ethereum Network is the decentralized transaction ledger on which Ether, one of the world's most popular cryptocurrencies, exists. The Ethereum Network reflects the transactions occurring insofar as it is, in and of itself, a ledger of transactions. The Claims Portal also solicited additional information from claimants with complicated transaction histories or those involving cryptocurrency exchanges. *Id.* However, the information needed to determine a claimant's eligibility was mostly available via the Ethereum Network used by TBIS. *Id.*

Taking together the publicly available information on the Ethereum Network and supplemental information submitted by potential claimants, the Receiver was able to catalog all transactions, dates, senders, and recipients of TBIS's securities ("<u>BAR</u>" and "<u>TBAR</u>"). Unfortunately, most of this information is also available to anyone else via the Ethereum Network's public blockchain—creating a risk that bad actors could use the same information to submit fraudulent claims.

Consequently, the Receiver created a system that could verify a claimant's control over an address using a purpose-build Ethereum ERC-20 "control" token (the "<u>Control Token</u>"). After a claimant enters sufficient information in the Claims Portal, the Receiver could automatically send a Control Token to the claimant's Ethereum address. The web portal then instructed the Claimant to prove control over the claimed address by sending the Control Token back to the Receiver. Failure to prove control

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

3

1  within a defined period would result in an automatic email notice to the claimant,

2  denying the claim and stating the grounds for denial. The aforementioned process is

3  consistent with the Court's Claims Process Order. (*See* Dkt. 96.)

4      **C.**    <u>**Non-Investor Claims**</u>

5        Vendors, service providers, employees and other non-investor claimants filed

6  claims against the Receivership Entity totaling six ("<u>Non-Investor Claimants</u>"). At this

7  time, the Receiver has not made a determination whether to allow such claims;

8  however, he will do so pursuant to the Receiver's Distribution Plan.  The Non-Investor

9  Claimants' allowed claims will have priority and be paid in full at the first distribution

10  ("<u>Initial Distribution</u>").

11      **D.**    <u>**BAR and TBAR Investor Claims**</u>

12        This group of claimants consists of two classes of investors: (1) those induced

13  into purchasing BAR or TBAR directly from TBIS, or its agents and (2) those who

14  purchased BAR or TBAR from someone other than TBIS, or its agents ("<u>Investor</u>

15  <u>Claimants</u>"). The Claims Portal went live on February 27, 2021 and remained open

16  until 11:59 p.m. Pacific Time on the Bar Date. As of March 21, 2022, 618 Investor

17  Claims submitted through the Claims Portal cleared validation, meaning the claims

18  process deemed them to be legitimate claims arising from the purchase or acquisition

19  of TBIS securities—BAR or TBAR ("<u>Allowed Claims</u>"). The "<u>Allowed Amount</u>" is

20  the amount at which a Claim is allowed calculated pursuant to the net investment

21  method.[1] An additional 305 claims had been created, but not yet finalized, meaning the

22  claimants still had to take additional steps to finish the claims submission (e.g., upload

23  documentation).  Lastly, 23 claimants have objected to the Receiver's claim

24  determination and are currently under review.

25        Each Investor Claimant will receive a *pro rata* share of the Claimant's Allowed

26  Amount, based on the Receivership Entity's available assets ("<u>Available Assets</u>") after

27

28  [1] A more detailed description of the Allowed Amount calculation is set forth in the Distribution Plan.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

4

1    payment of the Initial Distribution and reserving funds for administrative expenses.

2    "<u>Administrative Expenses</u>" may include but are not limited to Receiver's fees,

3    professionals' fees, taxes, and expected operating reserves. The Receiver will distribute

4    verified Investor Claims in the second distribution ("<u>Second Distribution</u>").

5    **III.   ARGUMENT**

6         **A.   <u>This Court Enjoys Broad Discretion in the Administration of Claims</u>**

7    **<u>against Fiduciary-Administered Estates.</u>**

8         This Court, sitting in equity and having authority over a fiduciary estate res, is

9    vested with wide discretion to enter orders approving the claims process and the plan

10   for disposition of assets. "The power of a district court to impose a receivership or grant

11   other forms of ancillary relief does not in the first instance depend on a statutory grant

12   of power from the securities laws. Rather, the authority derives from the inherent power

13   of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369

14   (9th Cir. 1980). The "primary purpose of" court-created fiduciary estates "is to promote

15   orderly and efficient administration of the estate by the district court for the benefit of

16   creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). As the appointment of

17   fiduciaries is authorized by this Court's equitable powers, so too is any distribution of

18   assets to be undertaken equitably and fairly. *SEC v. Elliot*, 953 F.2d 1560, 1569

19   (11th Cir. 1992).

20        Moreover, district courts have broad power to determine the appropriate method

21   of administering a fiduciary estate. As the Ninth Circuit has explained:

22        A district court's power to supervise an ... [estate] ... and to determine

23        appropriate action to be taken in the administration of the [estate] is

24        extremely broad. The district court has broad powers and wide

25        discretion to determine the appropriate relief . . . .

26   *SEC v. Cap. Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005); *see also SEC v.*

27   *Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad

28   deference to the [district] court's supervisory role and 'we generally uphold reasonable

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

5

1    procedures instituted by the district court that serve th[e] purpose' of orderly and

2    efficient administration of the [estate] for the benefit of creditors."). That broad

3    authority "arises out of the fact that most receiverships involve multiple parties and

4    complex transactions." *Hardy*, 803 F.2d at 1037. In sum, the district court sits in equity

5    and has "the authority to approve any plan provided it is 'fair and reasonable.'" *SEC v.*

6    *Byers*, 637 F. Supp. 2d 166, 174–75 (S.D.N.Y. 2009) (quoting *SEC v. Wang*,

7    944 F.2d 80, 81 (2d Cir. 1991)).

8    **B.      A Pro Rata Distribution Based on Net Investment Is Appropriate for**

9    **Similarly Situated Claimants.**

10        In equity receiverships, courts routinely approve distribution plans that treat

11   similarly situated claimants equally. *See, e.g.*, *Cap. Consultants*, 397 F.3d at 378

12   (describing net claim calculus as "an administratively workable and equitable method

13   of allocating the limited assets of a receivership"); *Topworth*, 205 F.3d at 1116; *In re*

14   *Tedlock Cattle Co*, 552 F.2d 1351, 1354 (9th Cir. 1977); *SEC v. Wealth Mgmt. LLC*,

15   628 F.3d 323, 332–33 (7th Cir. 2010); *SEC v. Infinity Grp.*, 226 F. App'x 217, 218

16   (3d Cir. 2007). Courts favor *pro rata* distributions where "the funds of the defrauded

17   victims were commingled and where victims were similarly situation with respect to

18   their relationship to the defrauders." *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80, 88–89

19   (2d Cir. 2002). The methodology in the proposed Plan is consistent with this approach.

20        Here, Claimants invested in TBIS's BAR or TBAR tokens either through

21   directly purchasing the tokens from TBIS in its initial coin offering or by purchasing

22   the tokens on secondary markets. In either event, Claimants are similarly situated

23   because they all invested in TBIS unregistered securities. The revelation of TBIS's

24   fraudulent misrepresentations about commercial relationships and future demand for

25   TBIS services ultimately caused the value of Claimants' investments to plummet to

26   nearly zero. (*See* Dkt. 94 at 3–4.) In sum, a *pro rata* distribution is appropriate here

27   because Claimants purchased TBIS unregistered securities and were harmed as a result

28   of the company's fraud.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

6

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Receiver's method for calculating the amount of Allowed Claims based on net investment is also consistent with relevant authority. Courts routinely approve *pro rata* distributions based on claimants' net investment. A claimant's net investment equals the amount of consideration paid into the scheme by the claimant minus the total amount of revenue realized by the claimant arising from the scheme. *See Cap. Consultants*, 397 F.3d at 737; *CFTC v. Capitalstreet Fin., LLC*, 2010 WL 2572349 at *3 (W.D.N.C. June 18, 2010). *Pro rata* distributions based on net investment is equitable because it ensures all investors who suffered an out-of-pocket loss receive compensation from the Receivership Entity. *See CFTC v. Barki*, 2009 WL 3839389, at *1–2 (W.D.N.C. Nov. 12, 2009) (favoring net loss method because it compensates large percentage of defrauded investors); *see also Byers*, 637 F. Supp. 2d at 182 (same). The net investment method also ensures that compensation is proportional to the size of investors' losses.

Here, consistent with these authorities, the Receiver has factored in any compensation returned to Claimants in determining the Allowed Amount. Specifically, the Claimants submitted claim forms with their principal investments in TBIS tokens. The investments were then validated by the Claims Portal and through publicly available data on the Ethereum blockchain. Finally, the Receiver deducted any subsequent sales of TBIS unregistered securities Claimants made (if any) from the Claimants' principal investment in order to determine the Allowed Amount.

As previously mentioned, the Receiver will make a First Distribution to satisfy Non-Investor Claims and set aside a reserve fund for Administrative Expenses. Thereafter, a Second Distribution will be made to the Investor Claimants in full satisfaction and release of their Allowed Claims. If there are still assets available, Investor Claimants will receive an equitable amount based on their Net Remaining Funds Pro Rata Share, compensating Investors for the lost time-value of their originally invested amounts.

C.     **Distributing Net Remaining Funds in Excess of Allowed Investor Claims.**

In fairness to the entire class, the Final Distribution will be shared equally by all Investor Claimants. The Receiver's Distribution Plan defines the funds available after the Second Distribution, Reserve Fund, and any other tax or administrative expense as "Net Remaining Funds." Each Investor Claimant's "Net Remaining Pro Rata Share" will be equal to the product of (a) their *Pro Rata* Multiplier and (b) the Net Remaining Funds.

An Investor Claimant's "*Pro Rata* Multiplier" will be calculated as the quotient of:

(the amount of Available Assets[2] to be distributed to Claimants in such Class in accordance with the Plan)

(the aggregate Allowed Amount of Claims in such Class on the Distribution Date)

The total distributions paid to an Investor Claimant shall not exceed the sum of their Allowed Amount plus their "Opportunity Cost"[3]. If a Final Distribution appears necessary, the Receiver will consult his certified tax advisor who will determine tax liabilities and shall bear sole responsibility for Receivership Entity's tax related claims. The information contained herein, in the Receiver's Distribution Plan, or in any other materials shared with the Claimants is not and should not be relied upon as tax advice. All Claimants are encouraged to consult with their independent tax advisors with respect to specific tax consequences of any distribution.

---

[2] For the purposes of calculating the U.S. Dollar equivalent of Available Assets, the Receiver will use the Conversion Price on the Benchmark Date—each is described more fully in the Distribution Plan.

[3] Opportunity Cost is defined by the Receiver's Distribution Plan as the difference between the spot price to exchange the Original Form of Currency for Cash at the time of the Investor Claimant's investment and the Benchmark Date for the Final Distribution.

8

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

### D.    <u>Distributing Allowed Claims in Ether Will Maximize the Recovery for the Investor Claimants.</u>

Courts have explained that "the ultimate goal of a receivership is to maximize the recovery of the investor class." *SEC v. Felix Investments*, No. 16-CV-01386-EMC, 2018 WL 6706038, at *2 (N.D. Cal. Dec. 20, 2018) (quoting *Wealth Mgmt.*, 628 F.3d 336); *see Janvey v. Romero*, No. 3:11-CV-0297-N, 2015 WL 11017950, at *3 (N.D. Tex. Sept. 22, 2015) ("The goal of the receivership is to maximize the Receivership Estate's assets so that defrauded investors ... can be made whole to the greatest extent possible."). Additionally, Courts have broad discretion to fashion equitable remedies in the context of returning assets to harmed investors in the most efficient manner possible. *United States v. Durham*, 86 F.3d 70, 73 (5th Cir. 1996). Courts have exercised that authority to approve plans that make in-kind distributions of non-cash assets to harmed investors.[4]

In *SEC v. AriseBank*, the Northern District of Texas Court granted a distribution plan that used the receivership estate's cryptocurrency assets to pay allowed claims. *See* Order, Dkt. No. 116, No. 3:18-cv-00186-M (N.D. Tex. Jan. 25, 2018). Specifically, the plan distributed a *pro rata* share of the original cryptocurrency that claimants used to invest in the unregistered initial coin offering.[5] As justification for an in-kind distribution in this case, the Receiver argued that returning the various cryptocurrency assets to investors was the most efficient and least costly method of settling claims. *Id.* The Receiver further explained the difficulties of converting some of the digital assets to cash. *Id.*

---

[4] *See, e.g.*, *SEC v. EB5 Asset Manager, LLC*, 2016 WL 11486857, at *2 (S.D. Fla. Dec. 8, 2016) (approving in-kind distribution of real estate); *SEC v. Credit Bancorp, Ltd.*, 2000 WL 1752979, at *36 (S.D.N.Y. Nov. 29, 2000), *aff'd*, 290 F.3d 80 (2d Cir. 2002) (approving in-kind distribution of securities); *SEC. v. Enterprise Tr. Co.*, 2008 WL 4534154, at *5-6 (N.D. Ill. Oct. 7, 2008), *aff'd*, 559 F.3d 649 (7th Cir. 2009) (same); *Felix Investments*, 2018 WL 6706038, at *6 (same).

[5] Receiver's Motion for Approval of Proposed Distribution Plan and Initial Distribution and Supporting Brief, *SEC v. Arise Bank* (ECF No. 115).

---

Similarly here, the Receivership Entity's assets include various forms of cryptocurrencies. The largest holding is Ether—amounting to more than 2000 units. Although the assets represent only a fraction of the original investments in the Receivership Entity, the price appreciation over the years of the cryptocurrencies in comparison to USD allows the Receiver to make the Claimants nearly whole (and possibly profitable).  Of the eight (8) different cryptocurrencies held by the Receiver, some are illiquid or nearly worthless and others are less desirable coins. Meanwhile, Ether is the second most valuable cryptocurrency by market capitalization and is the transactional token of the Ethereum Network, where the TBIS unregistered securities were traded. Based on online forms and investor feedback, many have expressed a preference for an Ether distribution. Additionally, many of the Claimants are foreigners who would have difficulties depositing USD into their accounts. As was the situation in *AriseBank*, this proposed method of distribution will significantly reduce transaction costs associated with converting the cryptocurrency to cash—effectively maximizing the return to the investor class. It will also avoid unnecessary friction for foreign Claimants who would otherwise have to exchange USD for their local fiat currencies.

Nevertheless, the Receiver acknowledges that some Claimants may prefer a USD distribution. To account for such a group, the Receiver's Distribution Plan proposes that a questionnaire be sent to each Claimant by email, whereby they can select their preferred method of distribution between Ether or USD ("Distribution Election"), subject to the Receiver's discretion and approval. The Distribution Election will also require that the Claimant provide an associated Ether address or mailing address for a USD check. If the Claimant fails to make a selection within 14 days of the date the Distribution Election is sent, the default payment method will be Ether sent to the Claimant's Claimed Address[es].

Lastly, in an effort to preserve equity between all Claimants, the Receiver will select an official date ("Benchmark Date") for calculating the USD conversion price of the various cryptocurrencies. Given the volatile price of cryptocurrencies, each

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

10

distribution will have its own Benchmark Date. The Receiver's Distribution Plan also includes the means for calculating the USD spot price ("Conversion Price") of the Receivership Entity's assets, which will likely be obtained from a variety of cryptocurrency exchanges (e.g., Coinbase, Bitttrex, and Binance). After determining an appropriate Benchmark Date and Conversion Price, the Receiver shall make the Second Distribution to the Investor Claimants based on their Distribution Election and subject to his discretion—reserving any funds for tax withholdings or Administrative Expenses.

### E.     The Distribution Contemplated by the Plan is Fair and Reasonable

The Receiver's Distribution Plan will first make an Initial Distribution to fully satisfy all Non-Investor Claims. Next, it will make a Second Distribution to Investor Claimants. Based on the Conversion Price, Investor Claimants will likely recover their principal investment in TBIS unregistered securities. Given the appreciation of the cryptocurrency assets, it may even allow the Investor Claimants to receive a profit over and above their original investments. In either case, the Investor Claimants' allowed claims are determined on a net investment *pro rata* basis because they were similarly harmed by the TBIS fraud and the assets were comingled with one another. Finally, Investor Claimants will have the option to choose whether they prefer a distribution in Ether or USD.

The Receiver's Distribution Plan makes all stakeholders whole, and possibly profitable. The Investor Claimants share in the assets equally by way of a *pro rata* net investment distribution, and Ether distributions minimize transaction costs associated with such distributions. In sum, the Receiver's Distribution Plan maximizes the recovery of the Investor Claimants and distributes the funds fairly and reasonably.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Motion for Approval of Receiver's Proposed Distribution Plan

Case No.: 18-cv-4315 DSF (DPRx)

1

## IV.   CONCLUSION

2

The Receiver respectfully requests that the Court enter an Order approving the

3

Receiver's Distribution Plan (attached hereto as Exhibit 1).

4

5

Dated: April 5, 2022                                    Respectfully submitted,

6

HOLLAND & KNIGHT LLP

7

/s/*Kristina S. Azlin*

8

Kristina S. Azlin (SBN 235238)
Jose A. Casal (pro hac vice)

9

Samuel J. Stone (SBN 317013)

10

11

*Attorneys for Josias Dewey,*
*Court-appointed Receiver for*

12

*Receivership Entities*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

12

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 S. Hope Street, 8th Floor, Los Angeles, CA 90071.

On **April 5, 2022**, I served the document described as Receiver's **MOTION FOR APPROVAL OF RECEIVER'S PROPOSED DISTRIBUTION PLAN** on the interested parties in this action as follows:

[X] (**BY Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d)(3) and Local Rule 5-4, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed document(s) to the U.S. District Court Central District of California's Electronic Case Filing (CM/ECF) system on this date.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **April 5, 2022**, Los Angeles, California.

/s/*Kristina S. Azlin*
Kristina S. Azlin (SBN 235238)

#156626721_v1

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450