1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10
SECURITIES AND EXCHANGE          Case No. 18-cv-4315 DSF (JPRx)
11   COMMISSION,
                                 **ORDER APPROVING**
12               Plaintiff,      **DISTRIBUTION PLAN**
13         vs.
14
TITANIUM BLOCKCHAIN
15   INFRASTRUCTURE SERVICES,
INC.; EHI INTERNETWORK AND
16   SYSTEMS MANAGEMENT, INC.
aka EHI-INSM, INC.; and MICHAEL
17   ALAN STOLLERY aka MICHAEL
STOLLAIRE,
18
19               Defendants.
20
21
22
23
24
25
26
27
28
                            1

Before the Court is the Motion of Josias N. Dewey, as Court-appointed Receiver for the estate of Defendant Titanium Blockchain Infrastructure Services, Inc., and its subsidiaries and affiliates, (collectively, the Receivership Entity) seeking approval of the Distribution Plan: (i) defining a claims calculation methodology based on a net investment *pro rata* distribution; (ii) proposing an Initial Distribution to the Non-Investor Claimants and a Second Distribution to the Investor Claimants; (iii) distributing Receivership Assets in either United States Dollars or the cryptocurrency Ether; and (iv) proposing a third *pro rata* distribution to the Investor Claimants if sufficient assets are available. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for May 16, 2022 is removed from the Court's calendar.

The Court finds that the Motion's proposed *pro rata* distribution methodology will maximize recovery for the investor class and is fair and reasonable given the circumstances of the similarly-situated claimants. For good cause appearing,

**IT IS ORDERED THAT:**

1.     The Receiver's Motion is **GRANTED** in all respects.

2.     The Receiver's Distribution Plan substantially in the form attached as Exhibit 1 (the Distribution Plan) to the Motion is approved and the Receiver is authorized to distribute all assets of the Receivership Entity in the following priority: (a) first, pay all allowed Non-Investor Claims from vendors, service providers, employees of the Receivership Entity; (b) second, reserve funds for administrative expenses, including but not limited to Receiver's fees, professionals' fees, taxes, and expected operating expenses; (c) third, pay BAR and TBAR Investor Claims; and (d) fourth, distribute the Receivership Entity's remaining available assets to Investor Claimants in accordance with the terms of the Distribution Plan.

3.    The Receiver's methodology for calculating Non-Investor Claims as the actual amount spent on goods or services provided to the Receivership Entity, minus any collections or payments on that debt, is approved.

4.    The Court approves the Receiver's methodology for calculating Investor Claims as the principal amount invested in BAR or TBAR minus any subsequent sales of BAR or TBAR, evaluated on a first-in/first-out basis (Allowed Amount). It further approves a *pro rata* distribution for such Allowed Amount—given it is fair and reasonable for this group of similarly-situated claimants. The proposed method for distributing Net Remaining Funds and holding funds in one or more Reserve Funds for (i) Disputed Claims, (ii) the Receivership Entity's projected expenses, (iii) Administrative Expenses as defined in the Distribution Plan, and (iv) and any other matters for which, in the Receiver's reasonable judgment, is prudent to reserve is similarly authorized.

5.    The Court approves the distribution of the Receivership Entity's assets in the form of Ether or United States Dollars (USD) and grants the Receiver discretion in approving a claimant's Distribution Election, as defined by the Distribution Plan.

6.    The Court grants the Receiver discretion in setting the Benchmark Date and Conversion Price for the Initial and Second Distributions pursuant to the Distribution Plan. Similarly, the Court grants the Receiver discretion in setting the Initial Distribution Date and Second Distribution Date, subject to the Receiver noticing the Court of its decision.

7.    The Court authorizes the Receiver to make the Initial and Second Distributions pursuant to the Distribution Plan.

8.    The Court approves the Distribution Objection Deadline and the Forfeiture Date as it relates to Unclaimed Property pursuant to the Distribution Plan.

9.    The Receiver is authorized to take all steps necessary or appropriate to complete the administration of the Receivership and its assets in accordance with the relief requested in the Motion.

10.     The Receiver is authorized to destroy, or otherwise dispose of, all books, records, computer equipment, other computer related devices, and other items related to the Receivership in the Receiver's discretion and at such time as he deems proper if within thirty days after written notice to the Securities and Exchange Commission, it does not take custody of such records and other items.

11.     Effective upon the Receiver filing a Closing Declaration in which he attests that he has completed the Final Distribution as specified in the Distribution Plan, filed the final necessary tax returns, and paid the final fees and costs of the Receivership with the exception of ongoing record storage costs, the Receiver and his agents, employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors and assignees are: (i) discharged; (ii) released from all claims and liabilities arising out of or pertaining to the Receivership; and (iii) relieved of all duties and responsibilities pertaining to the Receivership previously established in this action.

12.     All persons are enjoined from commencing or prosecuting, without leave of this Court, any action against the Receiver or his agents in connection with or arising out of the Receiver's or his agents' services to this Court in this Receivership. Neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the Receiver's administration of this Receivership Entity.

13.     The Court shall retain jurisdiction over any and all matters relating to the Receiver and the Receivership Entity, including any matters relating to the distribution of funds received by the Receiver in connection with his obligations as Receiver or otherwise received after the Receivership is closed, and to the extent any dispute arises concerning the Receiver's administration of the Receivership Entity or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney, or representative of

1   the Receiver, arising out of or related to this Receivership, the Court shall retain

2   exclusive jurisdiction to hear and resolve any such dispute or claim.

3

4

5   Dated: May 9, 2022

6                              HONORABLE DALE S. FISCHER
                               UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

HOLLAND & KNIGHT LLP
Kristina S. Azlin (SBN 235238)
kristina.azlin@hklaw.com
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone 213.896.2400
Facsimile  213.896.2450

Jose A. Casal (*pro hac vice*)
jose.casal@hklaw.com
701 Brickell Avenue. Suite 3300
Miami, Florida 33131
Telephone 305.789.7736

*Attorneys for Josias Dewey, Court-appointed
Receiver for Receivership Entities*

Holland & Knight LLP
400 South Hope Street. 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>        vs.<br><br>TITANIUM BLOCKCHAIN INFRASTRUCTURE SERVICES, INC.; EHI INTERNETWORK AND SYSTEMS MANAGEMENT, INC. aka EHI-INSM, INC.; and MICHAEL ALAN STOLLERY aka MICHAEL STOLLAIRE,<br><br>                Defendants. | Case No. 18-cv-4315 DSF (JPRx)<br><br>**RECEIVER'S DISTRIBUTION PLAN**<br><br><br>Date:   May 16, 2022<br>Time:   1:30 p.m.<br>Ctrm:   7D<br>Judge:  Hon. Dale S. Fischer |

**Introduction**

Josias N. Dewey, the Court-appointed receiver (the "Receiver") in the above-captioned SEC enforcement action (the "Case"), on behalf of the Receivership Entity (as defined herein), respectfully proposes the following plan (the "Plan") for distributing the Assets of the Receivership Entity to Claimants (as defined herein), as Ordered by the Court in its Claim Procedure Order.

**1      DEFINITIONS AND RULES OF INTERPRETATION**

**1.1     Definitions**

"Administrative Expenses" means expenses or fees relating to the Receiver; the distribution hereunder; operating expenses of the Receivership Entity, Released Parties, and the Receiver's Professionals; and taxes.

"Allowed" or "Allowed Claim" means, when used with respect to a Claim: a Claim (a) as to which a Claim Form has been timely filed or otherwise accepted by the Receiver or, by an order of the Court, is not required to be filed, and (b) has been determined by the Receiver to be valid pursuant to the Claims Procedure Order.

"Allowed Amount" means the amount at which a Claim is Allowed under section 3.1 of this Plan.

"Assets" means all property wherever located in which the Receivership Entity holds a legal or equitable interest.

"Available Assets" means, on the day of a Distribution, the combined value of all Available Cash and the U.S. dollar equivalent of all Available Cryptocurrency Assets. For purposes of calculating the U.S. dollar equivalent of Available Cryptocurrency Assets, the Receiver will use the Conversion Price for each Cryptocurrency Asset on the Benchmark Date.

"Available Cash" means, on the day of a Distribution, all Cash of the Receivership Entity less the amount of Cash designated by the Receiver to be held in a Reserve Fund.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450

1  "Available Cryptocurrency Assets" means, on the day of a Distribution, all
2  Cryptocurrency Assets of the Receivership Entity less the amount of Cryptocurrency
3  Assets designated by the Receiver to be held in a Reserve Fund.

4  "BAR" means Titanium Bar which was TBIS's first digital token issued between
5  November 21, 2017 and February 19, 2018. *See* Receiver's Motion for Approval of Claims
6  Process and Bar Date (Dkt. 94).

7  "Benchmark Date" means the future date selected by the Receiver to serve as the
8  official day for calculating the Conversion Price of the Available Assets. Each Distribution
9  will have its own Benchmark Date.

10  "Blockchain" means a digital distributed ledger of transactions involving
11  cryptocurrency, virtual currency, or digital currency that is maintained by a peer-to-peer
12  network of computer nodes according to an agreed-upon protocol.

13  "Cash" means the legal tender of the United States of America or the equivalent
14  value of foreign currency once converted into legal tender of the United States of America.

15  "Causes of Action" means all actions, causes of action, liabilities, obligations,
16  rights, suits, damages, judgments, remedies, demands, setoffs, defenses, recoupments,
17  cross claims, counterclaims, third-party claims, indemnity claims, contribution claims, or
18  any other claims whatsoever, in each case held by or assigned to the Receivership Entity,
19  whether known or unknown, matured or immature, fixed or contingent, liquidated or
20  unliquidated, disputed or undisputed, suspected or unsuspected, foreseen or unforeseen,
21  direct or indirect, choate or inchoate, existing or hereafter arising, in law, equity, or
22  otherwise, based in whole or in part upon any act or omission or other event, circumstance
23  or condition occurring or existing prior to the Receivership Date or during the pendency
24  of the Case.

25  "Claim" means an alleged right to payment owed by the Receivership Entity
26  asserted in the form of a Claim Form or as otherwise allowed by the Receiver or by Court
27  order.

28  "Claimant" means a Holder of an Allowed Claim.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450

2

1    "Claim Determination Communication" means the claim determination
2    communicated by the Receiver to each Holder pursuant to the Claims Procedure Order.

3    "Claimed Address" means the Ethereum public address that the Claimant submitted
4    on their Claim Form and validated control over pursuant to the Claims Procedure Order.

5    "Claim Form" means the form used for submitting Claims as approved by the
6    Receiver in compliance with the Claims Procedure Order.

7    "Claims Procedure Order" means the Court's Order Approving Claims Process and
8    Bar Date (Dkt. 96).

9    "Class" means a category of Claims set forth in the Plan.

10    "Conversion Price" means the Cash spot price for the various Cryptocurrency
11    Assets. Such price determination shall be made at approximately 10:00 a.m. U.S. Eastern
12    Prevailing Time and obtained from any cryptocurrency exchange (e.g., Coinbase, Bittrex,
13    Binance) or any combination of exchanges that the Receiver deems, in his sole discretion,
14    appropriate to use.

15    "Cryptocurrency Assets" means the cryptocurrency, virtual currency, or other
16    digital assets controlled by the Receiver and held by the Receiver on behalf of the
17    Receivership Entity.

18    "Court" means the United States District Court for the Central District of California,
19    Western Division.

20    "Disputed" means, when used with respect to a Claim, a Claim as to which an
21    objection to the proposed Allowed Amount (as initially set forth in the Holder's Claim
22    Determination Communication) has been timely made by the Holder, has not been settled
23    by the Receiver, and has not been Allowed in whole or in part by an order of the Court.

24    "Distribution" means payment by the Receiver of Available Cash or Ether to one
25    or more Claimants on account of their Allowed Claims pursuant to the Plan.

26    "Distribution Date" means the date an Allowed Claim becomes payable in
27    accordance with this Plan pursuant to a Distribution Order, such date to be submitted to
28    the Court in a separate filing.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

3

"Distribution Election" means a Writing prescribed by the Receiver, whereby the Claimant selects their preferred method of Distribution. If the Claimant selects Ether, he or she must provide a compatible wallet address for the Distribution; similarly, if the Claimant selects Cash, he or she must fill in associated bank or mailing information. If the Claimant fails to make a selection within 14 days of the date the Distribution Election is sent, the default payment method will be Ether sent to the Claimant's Claimed Address[es].

"Distribution Motion" means a motion filed by the Receiver seeking authorization to make a Distribution (including, but not limited to, the motion to approve the Plan).

"Distribution Notice" means a notice of a Distribution Motion (including, but not limited to, the notice of the motion to approve the Plan) posted on the Receiver's website and sent to each Holder whose Claim is either Disputed or not fully paid as set forth in the Plan at the time of such Distribution Motion's filing, such notice to be furnished by emailing the address listed on such Holder's Claim Form or at such other email address most recently provided by such Holder to the Receiver.

"Distribution Objection Deadline" means the date that is 15 days after a Distribution Notice is sent via email.

"Distribution Order" means an order of the Court authorizing this Plan.

"Disputed Amount" means the amount of a Claim that is Disputed.

"Effective Date" means the date after the entry of an order approving the Plan on which the Receiver declares the Plan effective by filing a notice on the docket to this Case.

"Ether" is the native transactional token of the public Ethereum network.

"Final Distribution" means the third and last Distribution made pursuant to the Plan. The actual date of Distribution will be noticed to the Court in a separate filing subject to the Court's approval.

"Final Distribution Date" means the date designated by the Court for distributing Net Remaining Funds pursuant to Section 4.4.3 of the Plan.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Receiver's Distribution Plan                                    Case No. 18-cv-4315 DSF  (JPRx)

1    "Forfeiture Date" means, with respect to a Distribution, the date that is 180 days
2    after the related Distribution Date.
3    "Holder" means any Person asserting a Claim.
4    "Initial Distribution" means the first Distribution made pursuant to the Plan.
5    "Initial Distribution Date" means the date of the Initial Distribution. The actual date
6    of Distribution will be noticed to the Court in a separate filing subject to its approval.
7    "Investor Claim" has the meaning ascribed in Section 2.3.2.1 of the Plan.
8    "Litigation Claims" means lawsuits filed, or to be filed, by the Receiver with respect
9    to the Causes of Action.
10   "Net Remaining Funds" means any excess Available Cash and Available
11   Cryptocurrency Assets after subtracting the Initial Distribution, Second Distribution,
12   Reserve Fund, and any other tax obligations as defined in Section 4.7 of this Plan.
13   "Net Remaining Funds Pro Rata Share" means, with respect to any Investor
14   Claimant, a number equal to the product of (a) their Pro Rata Multiplier and (b) the Net
15   Remaining Funds.
16   "Non-Investor Claims" has the meaning ascribed by Section 2.3.1.1 of the Plan.
17   "Original Form of Currency" means the Cash, cryptocurrency, virtual currency, or
18   digital currency that each Claimant originally paid to the Receivership Entity. For
19   example, the Original Form of Currency of a Claimant who paid Ether to the Receivership
20   Entity is Ether.
21   "Opportunity Cost" means the difference between the spot price to exchange the
22   Original Form of Currency for Cash at the time of the Investor Claimant's investment and
23   the Benchmark Date for the Final Distribution.
24   "Person" means any foreign or domestic person, including without limitation, any
25   individual, entity, corporation, partnership, limited liability company, limited liability
26   partnership, joint venture, association, joint stock company, estate, trust, unincorporated
27   association or organization, official committee, ad hoc committee or group, governmental
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450

5

agency or political subdivision thereof, and any successors or assigns of any of the foregoing.

"Prohibited Persons List" means the sanctions list published by the Office of Foreign Assets Control of the U.S. Department of the Treasury, which designates sanctioned persons and cryptocurrency wallet addresses.

"Pro Rata Multiplier" means, with respect to any Distribution to any Class of Claimants, the quotient of (a) the amount of Available Assets to be distributed to Claimants in such Class in accordance with the Plan divided by (b) the aggregate Allowed Amount of Claims in such Class on the Distribution Date. For purposes of calculating the U.S. dollar equivalent of the Available Assets, the Receiver will use the Conversion Price on the Benchmark Date.

"Pro Rata Share" means, with respect to any Distribution to any Class of Claimants, a number equal to the product of (a) the Pro Rata Multiplier and (b) the Allowed Amount of such Claimant's Claim.

"Receivership Date" means May 30, 2018.

"Receivership Entity" means Titanium Blockchain Infrastructure Services, Inc. ("TBIS") and its affiliates as set forth in the Receivership Order.

"Receivership Order" means the Court's May 30, 2018 Order appointing Josias N. Dewey as the receiver of the Receivership Entity (the "Permanent Receivership Order") (Dkt. 48).

"Released Parties or Receiver's Professionals" means the Receiver, Holland & Knight LLP, and all other advisors and professionals retained by the Receiver after the Receivership Date in accordance with the Receivership Order.

"Reserve Fund" means the funds held by the Receiver as a reserve as required by Section 3.3 of the Plan.

"SEC" means the United States Securities and Exchange Commission.

"Second Distribution" means the second Distribution made pursuant to the Plan.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450

"Second Distribution Date" means the date of the Second Distribution. The actual date of Distribution will be noticed to the Court in a separate filing subject to its approval.

"TBAR" means a second virtual token issued by TBIS after the theft of TBIS controlled BAR tokens by an unidentified party. *See* Receiver's Motion for Approval of Claims Process and Bar Date (<u>Dkt. 94</u>).

"Writing" means written communication transmitted by one or more means prescribed in, and in accordance with, Section 6.3 of the Plan.

### 1.2    Rules of Interpretation

For purposes of the Plan, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to an existing document or Exhibit filed or to be filed means such document or Exhibit, as it may have been or may be amended, modified or supplemented pursuant to the Plan or the order approving the Plan; (c) unless expressly stated otherwise, any reference to an entity as a holder of a Claim or interest includes that entity's successors, assigns and affiliates; (d) the words "herein," "hereunder" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; (e) the words "includes" or "including" are not limiting; and (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan.

In computing any period of time prescribed or allowed by the Plan, the provisions of <u>Federal Rule of Civil Procedure 6(a)</u> shall apply.

## 2    CLASSIFICATION AND TREATMENT OF CLAIMS AGAINST THE RECEIVERSHIP ENTITY

**2.1    Classification of Claims Generally.** The two Classes of Claims contemplated by the Plan are (i) Non-Investor Claims, and (ii) Investor Claims. A Claim is placed in a particular Class for the purpose of receiving Distributions only to the extent

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

that such Claim is an Allowed Claim in that Class and such Claim has not been paid, released, withdrawn, or otherwise settled prior to the Effective Date.

**2.2  Amounts Owed to Receiver and Receiver's Professionals.** Amounts owed to the Receiver or the Receiver's professionals shall be paid pursuant to the provisions of the Receivership Order and not pursuant to the provisions of the Plan; however, such amounts may be paid from the Reserves established by Section 3.3 of this Plan as expenses of the Receivership Entity.

**2.3  Classes.** The Claims against the Receivership Entity shall be classified and treated as follows:

**Class 1:  Non-Investor Claims.**

**2.3.1  Definition.**  Claims for vendors, service providers, employees, creditors, and other Claimants who filed Claims against the Receivership Entity, unrelated to investments in BAR or TBAR.

**2.3.2  Treatment.**  Each Allowed Non-Investor Claim shall receive, on the Initial Distribution Date, in full satisfaction and release of and in exchange for such Claimant's Claim(s): (a) payment from Available Cash in an amount equal to the unpaid portion of such Non-Investor Claims or (b) such other, less favorable treatment that the Receiver and such Claimant shall have agreed upon in a Writing. This Initial Distribution will fully satisfy outstanding Non-Investor Claims.

**Class 2:  Investor Claims.**

**2.3.3  Definition.** This group of Claimants consists of two Classes of Persons: (1) those who purchased BAR or TBAR directly from TBIS or its agents, and (2) those who purchased BAR or TBAR from someone other than TBIS or its agents.

**2.3.4  Treatment.** After payment in full of Administrative Expenses and the Allowed Amounts of all Non-Investor Claims, each Investor Claimant shall receive, on the Second Distribution Date, in full satisfaction and release of and in exchange for such Claimant's Allowed Claim(s): (a) a *Pro Rata* Share of the Claimant's Allowed Amount, or

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

(b) such other, less favorable treatment that the Receiver and such Claimant shall have agreed upon in a Writing.

**3      MEANS OF IMPLEMENTATION OF THE PLAN**

**3.1      Calculation of Allowed Amount.** The Receiver's Claims' review focused on establishing the principal amount of each Claim, without regard to interest, consequential damages or profits that may have been lost. To calculate the proposed Allowed Amount of each Claim, the Receiver considered the net harm to each Claimant as determined on a money-in/money-out basis (or net investment). For Non-Investor Claims, the Allowed Amount was calculated as the actual amount spent on goods or services provided to the Receivership Entity, minus any collections or payments on that debt. For Investor Claims, the Allowed Amount was calculated as the Claimant's principal amount investment in BAR or TBAR (minus any subsequent sales of BAR or TBAR, evaluated on a first-in/first-out basis. To standardize Allowed Amounts across the Original Forms of Currency, the principal investment amount was calculated as the spot price to exchange the Original Form of Currency for Cash at the time of the investment, as determined by the Receiver. The same was done for any subsequent sales. The Cash investment amount was confirmed by historical price data.

**3.2      Distribution of Assets.** The Assets shall be used to fund all Distributions and Administrative Expenses. Distributions shall be made to Claimants solely in either Cash or Ether. The Receiver will send a Distribution Election to each Claimant asking for their preferred form of Distribution. There will be three (3) Distributions in accordance with Section 4 of the Plan.

**3.3      Reserve Fund.** The Receiver shall hold Assets in one or more Reserve Fund(s) in an amount deemed sufficient, in his reasonable judgment, to pay each Holder of a Disputed Claim (a) the Distribution that such Holder would receive under the Plan if its Claim were Allowed in the alleged amount, or (b) such lesser amount as the Court may estimate or otherwise Order. The Reserve shall also contain Assets sufficient to pay the amount of: (i) incurred and projected Administrative Expenses and (ii) any other matters

9

for which, in the Receiver's reasonable judgment, it is prudent to reserve. The Receiver may, in his reasonable judgment, reduce the amount of Assets in the Reserve Funds from time to time to the extent he determines that there is no longer a need to reserve.

**3.4    Plan Settlement.** The Plan incorporates a proposed compromise and settlement of numerous issues involving the Receivership Entity, Claimants, and Holders and is designed to achieve a fair and equitable economic resolution of the Assets, including but not limited to a resolution of all Claims against the Receivership Entity. This settlement and compromise further includes, without limitation, the ownership and rights of the Receivership Entity with respect to certain assets, the responsibilities of the Receivership Entity to maintain and/or effectuate an orderly liquidation of certain assets and investments, and the potential distribution of proceeds that may arise from the Litigation Claims. In consideration for the classification of Claims, Distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the Plan shall constitute a good faith compromise and settlement of all Claims against, interests in, and disputes with the Receivership Entity.

**3.5    Effectuating Documents; Further Transactions.** On and after the Effective Date, the Receiver is authorized to and may, in the name of and on behalf of the Receivership Entity, take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan.

**3.6    Preservation of Causes of Action.** The Receiver shall retain and may enforce, in his sole discretion, all rights to commence and pursue any and all Causes of Action, whether arising before or after the Receivership Date, including, but not limited to, those related to the Litigation Claims, and the Receiver's rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding Court approval of the Plan or the occurrence of the Effective Date. The Receiver's actions shall be taken in accordance with the Receivership Order and in the best interests of the

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450

Receivership Entity.   No Person may rely on the absence of a specific reference in the Plan to any Cause of Action against such Person as any indication that the Receiver will not pursue any and all available Causes of Action against such Person, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches, shall apply to Causes of Action upon, after, or as a consequence of the Court's approval of the Plan or the occurrence of the Effective Date.

**4     METHOD OF DISTRIBUTION UNDER THE PLAN**

**4.1     Procedure for Distributions.** On behalf of the Receivership Entity and in satisfaction of all Claims against the Receivership Entity, the Receiver shall make or cause to be made the Distributions required under the Plan to all Claimants by the following means:

**4.1.1 Ether Distribution Election.** For each Claimant who elected to receive Ether or failed to timely submit a Distribution Election, by either (a) sending Ether to an Ethereum wallet address provided by the Claimant in the Distribution Election, or (b) any other means of effecting transfer of the Ether to the Claimant, *provided, however*, that the transaction shall be completed as soon as the transfer is made by the Receiver regardless of how long it takes for the transaction to be confirmed on the Blockchain that corresponds to the Cryptocurrency Asset.

**4.1.2 Cash Distribution Election.** For each Claimant who elected to receive Cash, by either (a) sending a wire transfer to an account and routing number or (b) mailing a check to the address provided on the Distribution Election, at the discretion of the Receiver.

**4.1.3 Distribution Conditions.** No Distribution shall be made to any Claimant until the Receiver has confirmed that such Claimant does not appear on any Prohibited Persons List and until such Claimant has satisfied any applicable distribution condition set forth in the Plan, the Claims Procedure Order, or any other agreement such Claimant may have with the Receiver. No Distribution shall be made to any Claimant who

11

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450

has challenged or appealed the Court's order approving the Plan until such appeal has been finally resolved.

**4.2    No Liability for Errors in Wallet Addresses.** Both the Receiver and its Released Professionals shall not bear any liability for Distributions made according to wallet addresses that contain errors made by a Claimant.

**4.3    Distributions Made Exclusively to Original Claimant.** Unless determined otherwise by the Receiver for good cause show, Distributions under the Plan shall be made exclusively to the original Claimant and the Receiver shall not be responsible for ensuring that Distributions are paid to any Claimant's assignee or designee.

**4.4    Timing of Distributions.** The Receiver shall make Distributions under the Plan as provided in this Section 4.4.

**4.4.1    Initial Distribution.** The Receiver shall make the Initial Distribution on the Initial Distribution Date, following an entry of an order approving this Plan. The Initial Distribution shall consist of Cash or Ether to be paid to the Non-Investor Class as provided in Articles II and III of the Plan.

**4.4.2    Second Distribution.** After completion of the Initial Distribution, the Receiver shall file a Distribution Motion (a) seeking a Distribution Order establishing a Second Distribution Date; and (b) furnishing a Distribution Notice to include the Distribution Objection Deadline and an allocation stating the proposed Allowed Amount, classification, Conversion Price, Benchmark Date, and proposed Distribution on account of each Investor Claim, further including a statement of payments made to each Claimant in prior Distributions. On the Second Distribution Date, the Receiver shall distribute all remaining Available Assets as provided in Articles II and III of the Plan to the Claimants in Classes 1 and 2 whose Claims were Allowed before and as of the Final Distribution Date, less the Reserve Fund as defined by Section 3.3 of the Plan.

**4.4.3    Final Distribution.** The third and Final Distribution will be comprised of the Net Remaining Funds and will be made to the Investor Claimants who have not forfeited their prior Distribution pursuant to Sections 4.8 and 4.9. This Distribution will

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450

12

compensate each such Investor Claimant for the remainder of their Allowed Claim, if any, plus their Net Remaining Funds Pro Rata Share.  If the Net Remaining Fund is insufficient to fully compensate each such Investor Claimant, each Investor Claimant will receive an equitable amount based on their Net Remaining Funds Pro Rata Share. The total Distributions paid to an Investor Claimant shall not exceed the sum of their Allowed Amount plus their Opportunity Cost.

**4.4.4 Objections to Distribution Motions.** Holders may object to a Distribution Motion on the grounds that the proposed Distribution violates the Plan or the Claims Procedure Order, but may not object to the methodology for calculating the Allowed Amount or classification of Claims under the Plan or the Claims Procedure Order.

**4.5     Remnant Assets.** Except as otherwise ordered by the Court on motion by the Receiver, to the extent Assets remain after (a) making all required Distributions under the Plan; (b) paying all Allowed Claims in full, including Opportunity Cost as set forth in Section 4.4.3; (c) all Disputed Claims are resolved, and as appropriate, paid in full, including Opportunity Cost as set forth in Section 4.4.3; (d) paying all Administrative Costs, including fees and expenses owed to the Receiver and his professionals pursuant to the Receiver Order; the Receiver may use any remaining Assets to satisfy any civil penalty ordered in the captioned civil action.  Thereafter, any Assets remaining shall be assigned to or (if feasible) converted to Cash and deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of the Court pursuant to 28 U.S.C. § 2041, for holding pending further Court order.

**4.6     Delivery of Distributions.** If a Distribution to any Claimant is returned as undeliverable, the Receiver may, at his sole discretion, use reasonable efforts to determine the current address of such Claimant. Notwithstanding the foregoing, undeliverable Distributions shall be held by the Receiver subject to Sections 4.8 and 4.9.

**4.7     Taxes.** The Receiver's tax professional will administer any tax related matters associated with the Receivership Entity.  Any required taxes will be held by the

13

Receiver in the Reserve Fund and distributed in accordance with the Receiver's tax professional's instructions. The Receiver, his tax professional, and the Released Parties or Receiver's Professionals will not provide tax advice to Claimants. The tax consequences of a Distribution may vary depending on each Claimant's individual circumstances; therefore, each Claimant is encouraged to seek independent tax advice in order to confirm they are complying with all international, federal, state, and local tax requirements.

**4.8    Unclaimed Property.** Any Claimant who fails to claim any Distribution by the Forfeiture Date shall forfeit their eligibility for the Distribution, and all forfeited assets shall remain as Assets for disposition in accordance with Section 4.9. For the avoidance of doubt, failure to negotiate prior to the Forfeiture Date a check or other negotiable instrument sent in satisfaction of the Receiver's obligations under this Plan shall invoke the operation of this Section 4.8, *provided, however,* that Claimants may submit a Writing to the Receiver requesting reissuance of a Distribution check within 180 days of the original issue date.

**4.9    Forfeited Property.** Upon forfeiture of a Distribution in accordance with Section 4.8, such Unclaimed Property shall be added to the Available Assets and redistributed in accordance with the Plan. Nothing herein shall require further efforts to attempt to locate or notify any Person with respect to any forfeited property.

**4.10   No Distributions Pending Allowance.** If a Claim or any portion of a Claim is Disputed, no Distribution or other payment will be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

**4.11   No Interest on Claims.** Except as provided in Section 4.4.3. above, no interest, fees, or profit shall accrue or be paid on or in connection with any Claim, and no Claimant shall be eligible to receive  interest or profit during the period following the Receivership Date in connection with any such Claim.

**5    EFFECT OF APPROVAL OF THE PLAN**

**5.1    Satisfaction of the Claims Against the Receivership Entity.** Except as otherwise expressly provided in the Plan, the Court's approval of the Plan shall, as of the

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

14

Effective Date: (a) discharge the Receivership Entity from all Claims, demands, liabilities, other debts, interests and other obligations that arose on or before the Effective Date, whether or not (i) a Claim based on any such obligation is filed or deemed filed; (ii) a Claim based on any such obligation is Allowed; or (iii) a Holder or Claimant has objected to the Plan; and (b) preclude all Persons from asserting against the Receivership Entity any other or further Claims or interests based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

**5.2    Releases.** Except as otherwise provided in the Plan, as of the Effective Date and for good and valuable consideration, the adequacy of which is hereby confirmed, and except as may be otherwise ordered by the Court, all Holders shall be deemed to have released and forever waived and discharged the Released Parties from all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or immature, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence in any way relating to the Receivership Entity, the Plan, the purchase, sale, or rescission of the purchase or sale of any security, cryptocurrency, virtual currency, digital asset, or any other asset of any kind belonging to or issued or sold by the Receivership Entity, the subject matter of, or the transactions or events giving rise to, any Claim or interest that is treated in the Plan, the business or contractual arrangements between the Receivership Entity and any Released Party, the negotiations, formulation, or preparation of the Plan or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence that could have been asserted by or on behalf of such Holders against the Released Party, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence.

**5.3    Cancellation of Securities and Agreements.** Except for the obligations set forth in the Plan, the following shall be released and cancelled and the Receivership Entity

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel.: 213 896 2400
Fax: 213 896 2450

15

shall have no continuing liabilities or obligations therefor: (a) all rights to payment owing or assertable against the Receivership Entity, whether arising under any certificate, interest, share, note, bond, indenture, purchase right, option, warrant, smart contract, cryptocurrency, digital asset, or other instrument or document, evidencing or creating, directly or indirectly, any indebtedness or obligation of or ownership interest in the Receivership Entity, or otherwise; and (b) all rights to payment owing or assertable against the Receivership Entity pursuant, relating, or pertaining to any agreements, indentures, certificates of designation, bylaws, or certificate or articles of incorporation, formation or similar documents governing the shares, certificates, notes, bonds, indentures, purchase rights, options, warrants, smart contract, cryptocurrency, digital asset, other instruments or documents evidencing or creating any indebtedness or obligation of, or ownership interest in, the Receivership Entity, or otherwise.

**5.4    Binding Effect.** The Plan shall be binding upon, and inure to the benefit of, the Receivership Entity, Holders, parties in interest and their respective successors and assigns, whether or not such Persons are eligible to receive any Distribution under the Plan.

**5.5    Receivership Order Not Superseded.** To the extent there is any conflict between the terms of the Plan and the Receivership Order, the Plan shall control only to the extent necessary to effectuate the Distribution scheme set forth herein.

**5.6    SEC Actions Unaffected by the Plan.** Notwithstanding anything in this Article V or any other provision of the Plan, nothing in the Plan shall discharge, waive, settle, release or preclude any current or future legal action or claim that has been or may be brought by the SEC.

**6    MISCELLANEOUS PROVISIONS**

**6.1    Amendment or Modification of the Plan.** The Receiver may propose written modifications to the Plan at any time, with such modifications becoming effective only upon Court approval.

Receiver's Distribution Plan                                    Case No. 18-cv-4315 DSF  (JPRx)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel.: 213 896 2400
Fax: 213 896 2450

**6.2    Governing Law.** Except to the extent that federal law is applicable or the Plan provides otherwise, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California without giving effect to its conflict of law principles. Notwithstanding entry of a Court order approving the Plan or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction to hear and determine all disputes arising from the interpretation or implementation of this Plan and all actions taken pursuant to the Plan.

**6.3    Notices.** Except as otherwise expressly provided herein, any notice required or permitted to be provided under the Plan shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, (c) overnight delivery service, charges prepaid; (d) email; or (e) by docketing on the Court's Electronic Case Files (ECF) system. If to the Receivership Entity, any such notice shall be directed to the following:

> Kristina S. Azlin
> HOLLAND & KNIGHT LLP
> 400 South Hope Street, 8th Floor
> Los Angeles, California 90071
> kristina.azlin@hklaw.com
>
> -- with copies to --
>
> Jose A. Casal
> HOLLAND & KNIGHT LLP
> 701 Brickell Avenue. Suite 3300
> Miami, Florida 33131
> jose.casal@hklaw.com

**6.4    No Admissions.** As to causes of action or threatened causes of action, nothing in the Plan shall constitute or be construed as an admission of any fact or liability, stipulation, or waiver, but rather as a statement made in settlement negotiations. The Plan shall not be construed to constitute advice on the tax, securities, and other legal effects of the Plan as to Holders of Claims against, or interests in, the Receivership Entity or any of its subsidiaries or affiliates.

Receiver's Distribution Plan                    Case No. 18-cv-4315 DSF  (JPRx)

# 55806582_v3

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213 896 2400
Fax: 213 896 2450